PHILLIP A. TALBERT
United States Attorney
CHRISTOPHER D. BAKER
Assistant United States Attorney
4550 California Ave., Suite 640
Bakersfield, CA 93309
Telephone: (661) 489-6150
Facsimile:  (661) 489-6151

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:22-CR-00048-JCC |
| Plaintiff, | **STIPULATION TO: (1) VACATE SEPTEMBER 28, 2022 HEARING; (2) REQUEST EVALUATION PURSUANT TO 18 U.S.C. §§ 4241, 4244 AND 4247; AND (3) SET DECEMBER 19, 2022 STATUS CONFERENCE; [PROPOSED] ORDER** |
| v. | |
| DYLAN CORRAL, | Date:  September 28, 2022 |
| Defendant. | Time:  10:30 a.m. |
| | Hon.   John C. Coughenour |

On March 3, 2022, a federal grand jury sitting in Fresno, California, returned a two-count indictment charging defendant with violation of 18 U.S.C. § 876(c) – mailing interstate threats.  ECF No. 1.  At that time, defendant was incarcerated at California Health Care Facility (CHCF) – Stockton, California, serving an unrelated six-year sentence imposed by the Glenn County Superior Court on or about February 9, 2018, for violation of California Vehicle Code Section 23110(B) – throwing substance at vehicle with intent to cause grave bodily injury.  CHCF provides medical care and mental health treatment to inmates who have the most severe and long-term needs.

On June 16, 2022, defendant waived any right he may have had to appear in person and consented to remotely appear with counsel for arraignment on the indictment and detention hearing,

1

1    after which defendant was ordered detained.  ECF No. 9.

2        On July 25, 2022, the Court ordered on the parties' stipulation that trial be continued to October

3    31, 2022, in part to grant defense counsel time to obtain defendant's medical records.  ECF No. 15.

4    Since this time, defense counsel has obtained a substantial number of medical records for defendant that

5    address his mental health.

6        Based on information obtained from defendant's criminal history records, discovery materials

7    produced in the case and his medical records, and anticipating a non-trial resolution, the parties request

8    transporting defendant to an appropriate Bureau of Prisons facility for evaluation, specifically to assess

9    defendant's mental health and, in case there is a guilty verdict or guilty plea, to aid this Court in

10   determining the appropriate sentence and assist the Bureau of Prisons in making its best designation.

11   Defendant's counsel bases his request on his analysis of the disclosure in this case, defendant's medical

12   records and other materials described above, as well as his discussions with the defendant.

13       Counsel for the government agrees with the defense's request in this regard.  On this end, the

14   parties note, where the court has representations forming a reasonable basis to believe a defendant may

15   face mental fitness challenges on how proceed, whether by motion, by facts coming before it, or through

16   its own observations, the court must order a psychiatric or psychological exam.  *See generally Chavez v.*

17   *United States*, 656 F.2d 512, 516-18 (9th Cir. 1981).

18        The parties ask the court to endorse this stipulation by way of formal order, and in accord with

19   18 U.S.C. §§ 3161, 4241, 4244, and 4247.

### STIPULATION

21       For the reasons set forth herein, the parties stipulate, through their respective attorneys of record,

22   Assistant United States Attorney Christopher D. Baker, counsel for the government, and Douglas

23   Beevers, counsel for defendant, that:

24       (1) the hearing set for September 28, 2022, be vacated;

25       (2) Mr. Corral undergo:

26            (a) a psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241 and

27            4244, and

28

2

1    (b) a report be filed pursuant to 18 U.S.C. § 4247 to assist the court in determining Mr.

2    Corral's present mental challenges concerning how to proceed in this case, as well as to

3    assist this Court at sentencing should there be a guilty verdict or guilty plea, and , if

4    needed, to assist the Bureau of Prisons in making its appropriate designation; and

5    (3) set a status conference for December 19, 2022, or on any other date and at a time convenient

6    to the Court.

7    The parties further stipulate that the period of time from October 31, 2022, through December

8    19, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results

9    from "any proceeding, including examinations, to determine the mental competency or physical capacity

10    of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a

11    continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends

12    of justice served by taking such action outweigh the best interest of the public and the defendant in a

13    speedy trial.

14    IT IS SO STIPULATED.

15  Dated:  September 16, 2022          PHILLIP A. TALBERT
                           United States Attorney

16

17                        By:  /s/ CHRISTOPHER D. BAKER
                           CHRISTOPHER D. BAKER

18                           Assistant United States Attorney

19                        (*As authorized 9/21/22*)

20  Dated: September 21, 2022      By:  /s/ HEATHER E. WILLIAMS

21                          For DOUGLAS BEEVERS

22                          Attorney for Defendant
                           Dylan Corral

23

24

25

26

27

28                            3

# [~~PROPOSED~~] O R D E R

IT IS ORDERED that:

1. This action's continued change of plea hearing currently set for September 28, 2022 is vacated;

2. Pursuant to 18 U.S.C. §4241(b):

   a. An examination of Mr. Corral's competency shall be conducted and a psychiatric and/or psychological report of this examination shall be filed with the court pursuant to the provisions of 18 U.S.C. §4247(b) and (c);

   b. Mr. Corral is committed to the custody of the U.S. Bureau of Prisons for the period of examination for placement in a suitable facility, and the U.S. Marshal's Service is directed to transfer him to a suitable facility for examination, with the court recommending a suitable facility within reasonable proximity to this District;

   c. Mr. Corral shall submit to a psychiatric and/or psychological examination by an examiner chosen by the Bureau of Prisons who is designated as an examiner under the provisions of 18 U.S.C. § 4247(b);

   d. The psychiatric and/or psychological report ordered shall be prepared by the Bureau of Prisons and shall be filed with the Court with copies provided to counsel for Mr. Corral and to the attorney for the Government, and shall include: (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological and medical tests employed and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis, prognosis; and (5) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

   e. Mr. Corral, through his lawyer Mr. Douglas Beevers, shall forward copies of any and all available hospital, medical, psychological and psychiatric reports to the examiner;

   f. A copy of this order shall be provided to the U.S. Marshal's Office which shall make arrangements as necessary for the examination of the defendant;

g.   A copy of this Order shall be provided to the U.S. Bureau of Prisons;

h.   Upon the completion of the examination, the U.S. Bureau of Prisons shall notify the Court, in writing, of the completion of the examination; and

i.   In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2)."

3.   The parties are DIRECTED to file a joint status report with the Court ~~A status conference is set for~~ no later than Monday, December 19, 2022.

IT IS FURTHER ORDERED THAT the period of time from October 31, 2022, through December 19, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

DATED this 21st day of September 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE