PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:22-CR-00048-JCC |
| Plaintiff, | **STIPULATION TO: (1) VACATE DECEMBER 19, 2022 STATUS CONFERENCE; (2) EXTEND COMPETENCY EVALUATION PERIOD TO JANUARY 31, 2023; AND (3) FILE JOINT STATUS REPORT BY JANUARY 31, 2023; [PROPOSED] ORDER** |
| v. | |
| DYLAN CORRAL, | |
| Defendant. | Hon.   John C. Coughenour |

On March 3, 2022, a federal grand jury sitting in Fresno, California, returned a two-count indictment charging defendant Dylan Corral with separate violations of 18 U.S.C. § 876(c) – mailing interstate threats. Dkt. 1. At that time, Mr. Corral was incarcerated at California Health Care Facility (CHCF) – Stockton, California, serving an unrelated six-year sentence imposed by the Glenn County (Cal.) Superior Court on or about February 9, 2018, for violation of California Vehicle Code Section 23110(B) – throwing substance at vehicle with intent to cause grave bodily injury.  CHCF provides medical care and mental health treatment to inmates who have the most severe and long-term needs.

///

///

1

On June 16, 2022, Mr. Corral waived any right he may have had to appear in person and consented to remotely appear with counsel for arraignment on the indictment and detention hearing, after which defendant was ordered detained.  Dkt. 9.  On this same date, the Court also set a trial date of August 15, 2022.  Dkt. 9.  On July 25, 2022, the Court ordered on the parties' stipulation that trial be continued to October 31, 2022, in part to grant defense counsel time to obtain Mr. Corral's medical records.  Dkt. 15.  Soon thereafter, defense counsel obtained a substantial number of medical records that address Mr. Corral's mental health.

On September 21, 2022, the Court ordered on the parties' subsequent stipulation that (1) a previously set change of plea hearing for September 28, 2022 be vacated; (2) Mr. Corral undergo a psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241 and 4244; (3) a report be filed pursuant to 18 U.S.C. § 4247 to assist the court (a) in determining Mr. Corral's present mental challenges concerning how to proceed in this case, (b) at sentencing should there be a guilty verdict or guilty plea, as well as (c) assist the Bureau of Prisons in making its appropriate designation; and (4) a status conference be set for December 19, 2022.  Dkt. 17.

On October 28, 2022, Warden W.Z. Jenkins II of the Bureau of Prisons' Metropolitan Detention Center ("MDC") in Los Angeles wrote the Court a letter, wherein he advised that:

1. Mr. Corral arrived at the MDC on October 14, 2022, but since the "MDC is experiencing delays, and has been under modified operations, to include restricted movement within the facility and a required quarantine period for all new arrivals to the facility" which was "expected to continue indefinitely", Warden Jenkins asked the court "to determine that commitment for the evaluation commence upon the date he was medically cleared, October 24, 2022";

2. MDC "has experienced large numbers of evaluation cases arriving on the same date, which has impacted our ability to conduct and complete evaluations under normal time frames"; and

3. in light of the above, Warden Jenkins requested that the court provide it with an extension of time (from the default time frames set forth in 18 U.S.C. § 4241, et seq.) by which the

2

evaluation could be completed until December 28, 2022, with a resulting report of the evaluation to be submitted to the court by January 18, 2023.

After hearing from the court in this regard and understanding that the court granted the above requests, the parties discussed this issue with chambers and pursuant to the same ultimately identified January 31, 2023 as an appropriate date by which to extend Mr. Corral's competency evaluation period. This extended evaluation period would provide both the court and the parties with roughly two weeks from the Bureau of Prisons' delivery of Mr. Corral's competency evaluation report to both analyze its contents and consider a prudent pathway forward. On this end, the parties also agree to meet and confer and then submit to the court a Joint Status Report by January 31, 2023, addressing the extent the parties stipulate to the Bureau of Prisons' findings, as well as conveying any positions regarding the extent Mr. Corral's competency should be briefed and a competency hearing scheduled. Defense counsel has been able to discuss the above issues with Mr. Corral, who likewise agrees with the above stipulations.

## STIPULATION

For the reasons set forth herein, the parties stipulate, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Douglas Beevers, counsel for defendant, that:

(1) the status conference set for December 19, 2022, be vacated;

(2) Mr. Corral's competency evaluation period be extended through January 31, 2023; and

(3) the parties meet and confer about the Bureau of Prisons' evaluation report and file a Joint Status Report by January 31, 2023.

The parties further stipulate that the period of time from December 19, 2022, through January 31, 2023, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

1     IT IS SO STIPULATED.

2     Dated:  November 17, 2022            PHILLIP A. TALBERT
                                               United States Attorney

                                       By:   /s/ BRIAN W. ENOS
                                               BRIAN W. ENOS
                                               Assistant United States Attorney

                                               (*As authorized 11/17/22*)

Dated: November 17, 2022            By:   /s/ DOUGLAS BEEVERS
                                                       DOUGLAS BEEVERS
                                                       Attorney for Defendant
                                                       Dylan Corral

**[PROPOSED] O R D E R**

IT IS ORDERED that:

1. The status conference currently set for December 19, 2022 is vacated;
2. Mr. Corral's competency evaluation period is extended through January 31, 2023; and
3. The parties will meet and confer about the contents of Mr. Corral's competency evaluation report to be provided by the Bureau of Prisons and submit a Joint Status Report by January 31, 2023.

IT IS FURTHER ORDERED THAT the period of time from December 19, 2022, through January 31, 2023 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

DATED this 17th day of November 2022.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE