PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>DYLAN CORRAL,<br><br>                 Defendant. | Case No: 2:22-CR-00048-JCC<br><br>**STIPULATION TO SET: (1) JUNE 12, 2023 TRIAL DATE; (2) MAY 1, 2023 HEARING ON PRETRIAL MOTIONS; AND (3) BRIEFING SCHEDULE; [~~PROPOSED~~] ORDER**<br><br>Hon.   John C. Coughenour |

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and Doug Beevers, Esq., on behalf of defendant Dylan Corral ("Corral"), as follows:

       1.    this action's trial be set to commence on Monday, June 12, 2023;

       2.    a hearing on pretrial motions be set for Monday, May 1, 2023, or as soon thereafter as the court can accommodate such a hearing; and

1

       3.      the parties adhere to the following briefing schedule in advance of the hearing;

          a.      Parties' motions filing deadline – March 20, 2023;

          b.      Opposition briefs filing deadline – April 10, 2023;

          c.      Reply briefs filing deadline, if any – April 24, 2023.

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order. Specifically,

    1.    On March 3, 2022, a federal grand jury sitting in Fresno, California, returned a two-count indictment charging defendant Dylan Corral with separate violations of 18 U.S.C. § 876(c) – mailing interstate threats. Dkt. 1. At that time, Mr. Corral was incarcerated at California Health Care Facility (CHCF) – Stockton, California, serving an unrelated six-year sentence imposed by the Glenn County (Cal.) Superior Court on or about February 9, 2018, for violation of California Vehicle Code Section 23110(B) – throwing substance at vehicle with intent to cause grave bodily injury. CHCF provides medical care and mental health treatment to inmates who have the most severe and long-term needs.

    2.    On June 16, 2022, Mr. Corral waived any right he may have had to appear in person and consented to remotely appear with counsel for arraignment on the indictment and detention hearing, after which defendant was ordered detained. Dkt. 9. On this same date, the Court also set a trial date of August 15, 2022. Dkt. 9. On July 25, 2022, the Court ordered on the parties' stipulation that trial be continued to October 31, 2022, in part to grant defense counsel time to obtain Mr. Corral's medical records. Dkt. 15. Soon thereafter, defense counsel obtained a substantial number of medical records that address Mr. Corral's mental health.

    3.    On September 21, 2022, the Court ordered on the parties' prior stipulation that (1) a previously set change of plea hearing for September 28, 2022 be vacated; (2) Mr. Corral undergo a psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241 and 4244; (3) a report be filed pursuant to 18 U.S.C. § 4247 to assist the court (a) in determining Mr. Corral's present mental challenges concerning how to proceed in this case, (b) at sentencing should there be a guilty verdict or guilty plea, as well as (c) assist the Bureau of Prisons in making its appropriate designation; and (4) a status conference be set for December 19, 2022. Dkt. 17.

4.      On October 28, 2022, Warden W.Z. Jenkins II of the Bureau of Prisons' Metropolitan Detention Center ("MDC") in Los Angeles wrote the Court a letter, wherein he advised that:

    A.      Mr. Corral arrived at the MDC on October 14, 2022, but since the "MDC is experiencing delays, and has been under modified operations, to include restricted movement within the facility and a required quarantine period for all new arrivals to the facility" which was "expected to continue indefinitely", Warden Jenkins asked the court "to determine that commitment for the evaluation commence upon the date he was medically cleared, October 24, 2022";

    B.      MDC "has experienced large numbers of evaluation cases arriving on the same date, which has impacted our ability to conduct and complete evaluations under normal time frames"; and

    C.      in light of the above, Warden Jenkins requested that the court provide it with an extension of time (from the default time frames set forth in 18 U.S.C. § 4241, et seq.) by which the evaluation could be completed until December 28, 2022, with a resulting report of the evaluation to be submitted to the court by January 18, 2023.

5.      After hearing from the court in this regard and understanding that the court granted the above requests, the parties discussed this issue with chambers and pursuant to the same ultimately identified January 31, 2023 as an appropriate date by which to extend Mr. Corral's competency evaluation period.  Dkt. 21.  This extended evaluation period would provide both the court and the parties with roughly two weeks from the Bureau of Prisons' delivery of Mr. Corral's competency evaluation report to both analyze its contents and consider a prudent pathway forward. Id.  On this end, the parties also agreed to meet and confer and then submit to the court a Joint Status Report by January 31, 2023, addressing the extent the parties stipulate to the Bureau of Prisons' findings, as well as conveying any positions regarding the extent Mr. Corral's competency should be briefed and a competency hearing scheduled.  Id.

6.      Defense counsel discussed the above issues with Mr. Corral, who likewise agreed with the above stipulations.  Dkt 21.  As a result, on November 17, 2022, the parties filed a stipulation (1)

vacating the December 19, 2022 status conference, (2) extending the competency evaluation period to January 31, 2023, and likewise setting a January 31, 2023 deadline by which to file a Joint Status Report. Dkt. 21. The court endorsed the parties' stipulation by way of formal order on November 23, 2022. Dkt. 22.

7. On January 19, 2023, Dr. Tiffany Smith of the Bureau of Prisons contacted the court's chambers via email message, advising the court that the BOP had "experienced unexpected situations (e.g., modified operations at [MDC Los Angeles]) which prevented face-to-face evaluation contacts with the defendant, and as a result, delays in the evaluation process. Therefore, additional time is needed to complete the evaluation of Mr. Corral. It is anticipated the face-to-face contacts will be completed by January 31st and the report will be submitted to the Court by February 10, 2023." On January 20, 2023, the court's chambers contacted counsel to the parties in this action, asking the parties to "provide the Court with a stipulation and proposed order extending the evaluation period to February 10, 2023 pursuant to 18 USC 3161(h)(1)(A)."

8. Since this time, the parties have extensively met and conferred about a wide array of matters relating to this case. The parties likewise filed a January 31, 2023 status report (Dkt. 23), defense counsel has since discussed the matters addressed in this stipulation with Mr. Corral in detail (who agrees with its contents), and counsel for the government obtained the Bureau of Prisons' confirmation that it would submit Mr. Corral's competency evaluation to the court by February 10, 2023.

9. Counsel for the parties likewise cleared the above trial date with chambers, contacted key witnesses regarding trial availability, discussed the need to present certain pretrial motions with the court (regarding competency issues, as well as the scope of potential evidence and defenses to be presented at trial), and confirmed a workable pretrial schedule and trial date. The parties also discussed the prudence of arranging for a site visit at the CHCF in Stockton, California, the need to meet with additional witnesses, the defense's potential need to hire experts pertaining to potential defenses, preparing witnesses, and searching for and producing potential supplemental discovery.

10. Counsel for defendant believes that setting a trial date on June 12, 2023 is necessary to

4

provide the defense with reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. The parties stipulate that "[a]ny period of delay resulting from . . . any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" is excludable from speedy trial calculations pursuant to the plain language of 18 U.S.C. § 3161(h)(1)(A). As of this filing, the Bureau of Prisons reports that it will provide the court with a report assessing Mr. Corral's competency by February 10, 2023. Accordingly, and following up from the court's November 2022 order, this period of excludable delay encompasses January 31, 2023 through February 10, 2023. The parties anticipate addressing this issue once able to analyze this pending report within their filing of limited pretrial motions pursuant to the proposed briefing schedule and hearing date set forth herein.

12. The parties also stipulate that the period of time from January 31, 2023 through June 12, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Further, the parties stipulate that the period of time from March 20, 2023 through May 1, 2023 is deemed excludable because it results from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" pursuant to 18 U.S.C. § 3161(h)(1)(D).

IT IS SO STIPULATED.

Dated: February 10, 2023                                         PHILLIP A. TALBERT
                                                                 United States Attorney


                                                          By:   /s/ BRIAN W. ENOS
                                                                 BRIAN W. ENOS
                                                                 Assistant United States Attorney

                                                                 (*As authorized 2/10/23*)

Dated: February 10, 2023                                  By:   /s/ DOUGLAS BEEVERS
                                                                 DOUGLAS BEEVERS
                                                                 Attorney for Defendant
                                                                 Dylan Corral

5

**[PROPOSED] O R D E R**

IT IS ORDERED that:

1. this action's trial be set to commence on Monday, June 12, 2023;

2. ~~a hearing on pretrial motions be set for Monday, May 1, 2023, or as soon thereafter as the court can accommodate such a hearing; and~~

3. the parties adhere to the following briefing schedule in advance of the hearing;

   a. Parties' motions filing deadline – March 20, 2023;

   b. Opposition briefs filing deadline – April 10, 2023;

   c. Reply briefs filing deadline, if any – April 24, 2023.

IT IS FURTHER ORDERED THAT the period of time from (1) January 31, 2023 through February 10, 2023 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant"; ~~(2) March 20, 2023 through May 1, 2023 is deemed excludable because it results from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" pursuant to 18 U.S.C. § 3161(h)(1)(D)~~; and (3) January 31, 2023 through June 12, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

DATED this 10th day of February 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE