IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>DYLAN CORRAL,<br><br>                Defendants. | Case No. 2:22-CR-00048-JCC-TLF<br><br>ORDER DECLINING TO CONDUCT REMOTE HEARING; AND ORDER DEFERRING RULING ON DEFENDANT'S MOTION RE: REQUEST TO DISCHARGE THE FEDERAL PUBLIC DEFENDER (DKT. 69) |

This matter comes before the Court on Defendant's motion for a status conference regarding an appointment of new counsel and a request for an *ex parte* hearing. *See* Dkt. 69. For the reasons discussed below, the Court defers ruling on Defendant's motion until Monday, June 5, 2023, at the earliest– the date on which an in-person hearing concerning Defendant's competency is set.

Defendant moves to discharge his attorney, and the entire Office of the Federal Public Defender, on the ground that he has "lost confidence in and does not trust his attorneys." Dkt. 69 at 1. Thus, he requests an *in camera* hearing to discuss his concerns with the Court. He has no objection to have the Magistrate Judge preside over the ex parte hearing, he offers to waive his right to be physically present, and he agrees to appear remotely by videoconference. *Id.*

Defendant has a fundamental right to be present, which is derived from the Confrontation Clause of the Sixth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985). A defendant's right under the Constitution may be waived, provided such waiver is voluntary, knowing and intelligent. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Further, "a defendant must have that degree of competence required to make decisions of very serious import." *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981).

In this case, the Court will conduct an in-person hearing concerning Mr. Corral's competency, on June 5, 2023. It has long been considered a violation of the constitutional right to due process to convict a person who is not mentally competent to stand trial. *Drope v. Missouri,* 420 U.S. 162, 172–173 (1975); *see generally* United States v. Moore, 599 F.2d 310 (9th Cir. 1979), cert. denied, 444 U.S. 1024 (1980) (A defendant is not competent to waive constitutional rights if mental illness has substantially impaired their ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver).

The defendant has a non-waivable right to counsel during competency proceedings. *U.S. v. Kowalczyk,* 805 F.3d 847 (9th Cir. 2015). And the defendant has a right to testify during a competency hearing; that right is personal and may only be relinquished by the defendant. *U.S. v. Gillenwater,* 717 F3d 1070, 1076 (9th Cir. 2013).

Therefore, the Court declines to conduct an *ex parte* hearing by video teleconference on Zoom, and declines Mr. Corral's waiver of his right to be present. The Court will conduct the competency hearing in-person on June 5 and if Mr. Corral (and

ORDER DECLINING TO CONDUCT REMOTE
HEARING; AND ORDER DEFERRING RULING ON
DEFENDANT'S MOTION RE: REQUEST TO
DISCHARGE THE FEDERAL PUBLIC DEFENDER
(DKT. 69) - 2

his attorney) wishes to address the Court at that time, *in camera*, the Court will hear Mr. Corral's concerns about defense counsel during the hearing.

The parties should still arrive to Courtroom 1 at 9:00 AM; the Court will first discuss the instant motion with the parties before proceeding with the competency hearing.

Dated this 23rd day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge