1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8
9

10    UNITED STATES OF AMERICA,

11                        Plaintiff,

12        v.

13    DYLAN CORRAL,

14                        Defendant.

15

CASE NO. 3:22-cr-00048-JCC-TLF

FINDINGS AND
RECOMMENDATION WITH
PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59
AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247

NOTED FOR: June 23, 2023

16

17        The District Court has referred, under Fed. R. Crim. P. 59, the government's

18    motion to determine defendant's mental competency pursuant to 18 U.S.C. §§ 4241,

19    4247. The motion has been fully briefed. Dkt. 33, 34, 38.  The Honorable John C.

20    Coughenour ordered a competency evaluation under 18 U.S.C. §§ 4241(b), 4247(b)–

21    (c). Dkt. 17. The Court ordered a hearing, which was held on June 5, 2023 (after two

22    hearings were scheduled in May, but required re-setting because of a scheduling

23    conflict, and an illness). Dkt. 55, 56, 61, 65, 66. This Court finds that defendant is not

24    mentally incompetent; the Court should find he is presently able to "consult with [their]

counsel with a reasonable degree of rational understanding and a rational, as well as factual understanding of the proceedings." *Dusky v. United States,* 362 U.S. 402, 402 (1960). The District Court should not commit him to custody for a determination of restorability and proceedings pursuant to 18 U.S.C. § 4241.

## DISCUSSION

### A. Legal Standards

"At any time after the commencement of a prosecution for an offense and prior to the sentencing," a court may order a hearing to determine the mental competency of a defendant.  18 U.S.C. § 4241(a).  Upon the parties' motion or *sua sponte* if there is reasonable cause to question the defendant's competency, the Court must hold such a hearing.  18 U.S.C. § 4241(a).  Pursuant to Fed. R. Crim. P. 59, and United States District Court for the Eastern District of California Local Criminal Rule 430.1, this Court may, on referral from the District Court, conduct an evidentiary hearing in a felony case and provide a recommendation and include any proposed findings of fact.  The District Court reviews the Magistrate Judge's Findings and Recommendation under a de novo standard of review. *United States v. Raddatz,* 447 U.S. 667, 682 (1980); *U.S. v. Rivera-Guerrero,* 377 F.3d 1064, 1071 (9th Cir. 2004).

The Court must determine "by a preponderance of the evidence" whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).

1   If the Court finds the defendant is not competent, the Court must "commit the

2   defendant to the custody of the Attorney General" for hospitalization and treatment to

3   restore competency.  18 U.S.C. § 4241(d).

4   A defendant is considered competent if they have:

5   • a rational and factual understanding concerning the nature and object of the

6   proceedings;

7   • the ability to consult with their lawyer; and

8   • the ability to assist in preparation of their defense.

9   *Drope v. Missouri,* 420 U.S. 162, 171 (1975). To make this determination, the Court

10   considers the following factors, any one of which – standing alone – may in some

11   circumstances be sufficient to prove incompetence to stand trial: evidence of the

12   defendant's irrational behavior; defendant's demeanor in the courtroom; prior medical

13   opinions concerning the defendant's competence to stand trial. *Id.* at 180; *Miles v.*

14   *Stainer,* 108 F.3d 1109, 1112 (9th Cir. 1997).

15   Even if a defendant has been diagnosed with a mental disease or disability that

16   has severe symptoms, that does not necessarily lead to the conclusion that the

17   defendant's mental disease or disability has impacted their ability to consult with their

18   attorney, assist in preparing a defense, or that it has impaired their ability to have a

19   rational and factual understanding of the nature and object of the proceedings. *United*

20   *States v. Telles,* 18 F.4th 290, 299-301 (9th Cir. 2021). When the defendant's attorney

21   is of the opinion that the defendant is competent to stand trial, this would not be legally

22   determinative -- but "the defendant's counsel is in the best position to evaluate a client's

23

24

FINDINGS AND RECOMMENDATION WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 3

1  comprehension of the proceedings." *Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir.

2  1991).

3  **B. Proposed findings of fact**

4  Defendant Dylan Corral stands charged under 18 U.S.C. § 876(c) with mailing

5  interstate threats. Dkt. 1. After the Court ordered a competency evaluation, Dr. Tiffany

6  Smith, a forensic psychologist at the U.S. Bureau of Prisons' Metropolitan Detention

7  Center in Los Angeles, reviewed Mr. Corral's records and considered other information

8  such as phone calls that were being monitored by the Bureau of Prisons. Dkt. 33, Ext.

9  A; Dkt. 27 (Report of Dr. Smith – admitted into evidence as Ex. B during the hearing).

10  Although Mr. Corral initially agreed to psychological testing, he later decided not to

11  participate in any interview or other testing by Dr. Smith. Dkt. 27 at 1,13.

12  Dr. Smith directly observed Mr. Corral in the special housing unit (SHU) of the

13  U.S. Bureau of Prisons' Metropolitan Detention Center in Los Angeles while he was on

14  special custody status. Dkt. 27 at 6. She listened to recordings of phone calls between

15  Mr. Corral and family members that were being monitored by the Bureau of Prisons. *Id.*

16  at 5-6. She also reviewed records ranging from mental health records of the California

17  State prison system and of the U.S. Bureau of Prisons. *Id.*  at 1-5, 8-9.

18  Dr. Smith found "there was not enough available evidence to support a diagnosis

19  of a psychotic disorder." Dkt. 27 at 9. She made a provisional diagnosis of bipolar 1

20  disorder. Dkt. 27 at 11. She also found that Mr. Corral had "Antisocial Personality

21  Disorder" and moderate substance use disorder regarding amphetamine-type and

22  opioid, in sustained remission, in a controlled environment ("By History"). Dkt. 27 at 9.

23

24  FINDINGS AND RECOMMENDATION WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 4

1    During the hearing, and in her report, Dr. Smith consistently opined that even

2    though Mr. Corral provisionally was diagnosed with bipolar disorder, no objective

3    evidence showed an impairment of his present ability to understand the proceedings, or

4    his ability to assist in his defense, or in his ability to consult with counsel. Dkt. 27 at 14.

5    Dr. Smith stated in her report, and during the hearing, that Mr. Corral was able to

6    communicate in a linear and coherent manner, and did not show signs or symptoms of

7    any delusions that would affect his present ability to understand the proceedings, or his

8    ability to assist in his defense, or in his ability to consult with counsel. Dkt 27 at 9. He

9    engaged in discussions with Dr. Smith, and expressed his ideas about legal

10   proceedings to family members he talked with on the phone; his statements about legal

11   strategies and the roles of the attorneys, judge, and jury, as well as his role as the

12   defendant are evidence that he understood the nature of the proceedings and has the

13   ability to assist with the defense. Dkt. 27 at 13. During the hearing, Dr. Smith reviewed

14   the additional information regarding communications of Mr. Corral that occurred after

15   the date of Dr. Smith's report; she stated these new communications did not change her

16   analysis or opinion.

17   During the hearing, the defendant did not act or speak in a manner that

18   suggested he was in mental distress, delusional, or unable to communicate effectively.

19   Defendant decided not to testify at the competency hearing. At the close of the hearing,

20   both the prosecution and the defense argued that the defendant is presently competent

21   to stand trial.

22

23

24

1

**C. Proposed determination of competency**

2

The Court should find:

3

Defendant presently has: a rational and factual understanding concerning the nature

4

and object of the proceedings; the ability to consult with their lawyer; and the ability to

5

assist in preparation of their defense. *Drope v. Missouri,* 420 U.S. 162, 171 (1975). By a

6

preponderance of the evidence, Mr. Corral is not presently suffering from a mental

7

disease or defect that would render him mentally incompetent to the extent that he is

8

unable to understand the nature and consequences of the proceedings against him or

9

to assist properly in his defense. 18 U.S.C. §§ 4241.

10

**CONCLUSION**

11

The Court should determine the government has met its burden by a

12

preponderance of the evidence to show the defendant is presently competent to stand

13

trial. Pursuant to 28 U.S.C. § 636(b)(1), (b)(3) and Fed. R. Crim. P. 59, the parties shall

14

have fourteen (14) days from service of this Report to file written objections. *See also*

15

United States District Court for the Eastern District of California Local Rule of Criminal

16

Procedure 430.1(j).

17

18

19

20

21

22

23

24

FINDINGS AND RECOMMENDATION WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 6

1      The Magistrate Judge's Findings and Recommendation will be reviewed *de novo*.

2  *U.S. v. Rivera-Guerrero,* 377 F.3d 1064 (9th Cir. 2004). Failure to file objections will

3  result in a waiver of those objections for purposes of *de novo* review by the district

4  judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for

5  purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). The Clerk is directed to

7  set the matter for consideration on **June 23, 2023,** as noted in the caption.

8

9      Dated this 6th day of June, 2023.

10

11                                          Theresa L. Fricke
                                            United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

FINDINGS AND RECOMMENDATION WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 7