1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,

CASE NO. 3:22-cr-00048-JCC-TLF

11

Plaintiff,

12

v.

**REDACTED** FINDINGS AND
RECOMMENDATION ON
DEFENDANT'S REQUEST FOR
SUBSTITUTE COUNSEL; WITH
PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59

13

DYLAN CORRAL,

14

Defendant.

15

NOTED FOR: JUNE 23, 2023

16
17

    The District Court has referred, under Fed. R. Crim. P. 59, the government's

18

motion to determine defendant's mental competency pursuant to 18 U.S.C. §§ 4241,

19

4247. Dkt. 33, 34, 38.  The Honorable John C. Coughenour ordered a competency

20

evaluation under 18 U.S.C. §§ 4241(b), 4247(b)–(c). Dkt. 17. The Court ordered a

21

hearing, which was held on June 5, 2023.  In a separate Findings and

22

Recommendation, this Court recommended that Judge Coughenour should find the

23

defendant is presently able to "consult with [their] counsel with a reasonable degree of

24

rational understanding and a rational, as well as factual understanding of the

1   proceedings." *Dusky v. United States,* 362 U.S. 402, 402 (1960).

2   Before the competency hearing, Defendant Dylan Corral submitted a request for

3   a status hearing (ex parte) concerning his request for substitution of counsel. Dkt. 69.

4   The Government did not take any position on this request, except to make a statement

5   that the hearing should not be held remotely. Dkt. 70.

6   On June 5, 2023, the Court held a hearing concerning Defendant Dylan Corral's

7   motion for ex parte status conference and request for substitution of counsel. During the

8   hearing, which was conducted in a closed courtroom, with a sealed transcript, and ex

9   parte, the Court conducted the inquiry required under *U.S. v. Ceja,* 23 F.4th 1218, 1225

10  (9th Cir. 2022) and *U.S. v. Adelzo-Gonzalez,* 268 F.3d 772, 777 (9th Cir. 2001). Under

11  *U.S. v. Gonzalez,* 113 F.3d 1026, 1028-1029 (9th Cir. 1997), the Court closed the

12  hearing, and has redacted a portion of this Findings and Recommendation, after

13  reviewing the facts as required by *United States v. Doe,* 870 F.3d 991, 997 (9th Cir.

14  2017).

15

16  **DISCUSSION**

17  **A. Legal Standards**

18  Pursuant to Fed. R. Crim. P. 59, and United States District Court for the Eastern

19  District of California Local Criminal Rule 430.1, this Court may, on referral from the

20  District Court, conduct a hearing on pretrial motions in a felony case, provide a

21  recommendation and include any proposed findings of fact. The District Court reviews

22  the Magistrate Judge's Findings and Recommendation under a de novo standard of

23  review if there are Constitutional issues to be resolved. *United States v. Raddatz,* 447

24

1   U.S. 667, 683 (1980); *U.S. v. Rivera-Guerrero,* 377 F.3d 1064, 1070-1071 (9th Cir.

2   2004).

3       When a defendant requests substitution of appointed counsel and there are also

4   issues raised about whether the defendant is competent to stand trial, the court may

5   consider whether the alleged mental disease or defect is connected to the difficulties

6   with their attorney. *See United States v. Telles,* 18 F. 4th 290, 296-300 (9th Cir. 2021).

7       If a defendant files a lawsuit or submits a grievance about their attorney's

8   representation, this may be good cause for substitution of counsel – but the mere filing

9   of a lawsuit or grievance is not dispositive. *United States v. Williamson,* 859 F.3d 843,

10  855-861 (10th Cir. 2017).  To justify a substitution of counsel, the "defendant must show

11  that his attorney possessed an actual conflict of interest with his client and that his

12  performance was adversely affected due to that conflict." *Id.* at 857 (citing *United States*

13  *v. Holman,* 314 F.3d 837, 845-846 (7th Cir. 2002)).

14      "A trial judge is required to order a substitution of counsel if, after a hearing, it is

15  demonstrated that there is a breakdown in the attorney-client relationship or that 'an

16  actual conflict of interest existed.'" *Jackson v. Ylst,* 921 F.2d 882, 887-888 (9th Cir.

17  1990) (citing *Wood v. Georgia,* 450 U.S. 261, 273-274 (1981)). Lack of trust between

18  client and the criminal defense lawyer is not a basis for overturning the appointment of

19  counsel. *Plumlee v. Masto,* 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc). Even if the

20  defendant explicitly disapproves of the trial lawyer's tactics, or fails to understand the

21  defense attorney's tactics, this does not constitute a basis for finding an

22  unconstitutionally irreconcilable conflict. *Michaels v. Davis,* 51 F.4th 904, 939 (9th Cir.

23  2022); *Schell v. Witek,* 218 F.3d 1017, 1026 n.8 (9th Cir. 2000).

24

1    The United States Court of Appeals for the Ninth Circuit considers the following

2 factors when reviewing a trial court's denial of a motion to substitute counsel: a.

3 timeliness of the motion; b. adequacy of the court's inquiry; and c. whether there was a

4 total lack of communication between attorney and client that prevented an adequate

5 defense. *U.S. v. Rogers,* 769 F.2d 1418, 1423-1424 (9th Cir. 1985). In conducting a

6 hearing on a motion for substitute counsel, the court must conduct "such necessary

7 inquiry as might ease the defendant's dissatisfaction, distrust, and concern." *U.S. v.*

8 *Adelzo-Gonzalez,* 268 F.3d 772, 777 (9th Cir. 2001) (quoting *United States v. Garcia*,

9 924 F.2d 925, 926 (9th Cir. 1991)).

10    Depending on the context of the request for substitution of counsel, the court

11 may need to ask both open-ended questions, and precise, targeted questions, into the

12 issues, to ascertain

13    (1) the depth of any conflict between defendant and counsel,

14    (2) the extent of any breakdown in communication,

15    (3) how much time may be necessary for a new attorney to prepare, and

16    (4) any delay or inconvenience that may result from substitution."

17 *Adelzo-Gonzalez,* at 777 (citing *U.S. v. D'Amore*, 56 F.3d 1202, 1205 (9th Cir. 1995)).

18    The Sixth Amendment does not guarantee a "meaningful relationship" between

19 the accused and their defense counsel. *Morris v. Slappy,* 461 U.S. 1, 13-14 (1983).

20 Defense counsel must "function in the active role of an advocate" and the defendant has

21 a right to competent counsel. *U.S. v. Cronic,* 466 U.S. 648, 655 (1984); *Entsminger v.*

22 *Iowa,* 386 U.S. 748, 751 (1967). A defendant's right to secure counsel of choice is a

23 qualified right and applies only to persons who can afford to hire their own attorney.

24
REDACTED FINDINGS AND RECOMMENDATION
ON DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 4

1    *Schell v. Witek,* 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). Although an indigent

2    defendant is not necessarily entitled to the appointed counsel of their own choosing, the

3    court must inquire into the nature and extent of any conflict between the defense

4    attorney and the defendant if the circumstances warrant inquiry. *Hendricks v. Zenon,*

5    993 F.2d 664, 670-671 (9th Cir. 1993).

6

7    **B.  Proposed findings of fact**

8          Defendant Dylan Corral stands charged under 18 U.S.C. § 876(c) with mailing

9    interstate threats. Dkt. 1. After the Court ordered a competency evaluation, Dr. Tiffany

10   Smith, a forensic psychologist at the U.S. Bureau of Prisons' Metropolitan Detention

11   Center in Los Angeles, reviewed Mr. Corral's records and considered other information

12   such as phone calls that were being monitored by the Bureau of Prisons. Dkt. 33, Ext.

13   A; Dkt. 27 (Report of Dr. Smith – admitted into evidence as Ex. B during the hearing).

14   Although Mr. Corral initially agreed to psychological testing, he later decided not to

15   participate in any interview or other testing by Dr. Smith. Dkt. 27 at 1,13.

16         The remaining facts discussed in this Findings and Recommendation are

17   redacted, because the Court closed the hearing and sealed the record, to protect the

18   defendant's Fifth and Sixth Amendment rights to due process and to effective

19   assistance of counsel. To take the most narrowly tailored approach under *United States*

20   *v. Doe,* 870 F.3d 991, 997 (9th Cir. 2017), the Court is publishing as much of this

21   Findings and Recommendation as possible, while preserving the defendant's

22   Constitutional rights by protecting attorney-client privilege, and work product protected

23   information.

24

1

2   [Redacted section of the R & R:]

3   

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   REDACTED FINDINGS AND RECOMMENDATION
ON DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 6



REDACTED FINDINGS AND RECOMMENDATION
ON DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 7

1

2

3 ································································································

4     [end of redactions]

5 **C. Legal analysis and recommended disposition**

6     The Court should deny without prejudice Mr. Corral's request for substitution of

7 counsel. Although Mr. Corral contends that he does not trust his attorney, and that his

8 lawyer should prepare for trial differently, the disagreements are about tactics and trial

9 preparation strategy. There is neither hostility nor is there a complete breakdown in

10 communication.

11     If the Court finds that Mr. Corral is incompetent to stand trial, then the motion to

12 substitute counsel would be reviewed in a very different context. A person who is not

13 presently competent to stand trial may not have the capacity to consult with their

14 attorney or assist in their defense -- and concerns about counsel might be causally

15 related to the mental illness or defect -- therefore the motion to substitute counsel would

16 potentially be intertwined with the competency issues.

17     If the Court decides that Mr. Corral is competent to stand trial, then the Court

18 should also find that no substitution of counsel is warranted. Mr. Corral is able to

19 effectively consult with Mr. Beevers, even when they disagree about trial preparation

20 tactics and strategy. Mr. Beevers knows about the grievance that Mr. Corral has filed

21 against him, but neither Mr. Beevers nor Mr. Corral have had a complete breakdown in

22 communication. Mr. Beevers stated that the grievance filed against him by his client has

23 not affected his activities in preparing the defendant's case for trial.

24

1       The Court should find that any conflict between defendant and counsel in this

2 case has not caused a serious breakdown in communication; the time that may be

3 necessary for a new attorney to prepare if the attorney is not with the Federal Public

4 Defender's Office may be substantial; and, although there are still months remaining

5 before the trial date, any delay or inconvenience that may result from substitution would

6 nonetheless be a factor that weighs against substitution of counsel. This is a case

7 where a "meaningful relationship" between the defendant and the defense attorney may

8 be strained due to Mr. Corral's lack of trust in his attorney and disagreement about

9 tactics and investigatory work, but there is no evidence of an irreconcilable breakdown

10 in communication, nor is there any evidence of actual conflict of interest or prejudice

11 from a conflict of interest.

12 **CONCLUSION**

13       The defendant's motion for a status conference having been granted, and the

14 hearing having been held on June 5, 2023 to provide the defendant with an opportunity

15 to explain his concerns to the Court, and for the Assistant Federal Public Defender, Mr.

16 Beevers, to also provide information about their working relationship, the Court should

17 deny Mr. Corral's request for substitution of counsel, without prejudice. Pursuant to 28

18 U.S.C. § 636(b)(1), (b)(3) and Fed. R. Crim. P. 59, the parties shall have fourteen (14)

19 days from service of this Report to file written objections. *See also* United States

20 District Court for the Eastern District of California Local Rule of Criminal Procedure

21 430.1(j).

22       The Magistrate Judge's Findings and Recommendation will be reviewed *de novo.*

23 *U.S. v. Rivera-Guerrero,* 377 F.3d 1064 (9th Cir. 2004). Failure to file objections will

24

REDACTED FINDINGS AND RECOMMENDATION
ON DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 9

1   result in a waiver of those objections for purposes of *de novo* review by the district

2   judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for

3   purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

4   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

5

6

7        The Clerk is directed to set the matter for consideration on **June 23, 2023,** as

8   noted in the caption.

9

10       Dated this 6th day of June, 2023.

11

12  Theresa L. Fricke
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REDACTED FINDINGS AND RECOMMENDATION
ON DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 10