THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DYLAN CORRAL,<br><br>　　　　　　　Defendant. | CASE NO. CR22-0048-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's objections (Dkt. No. 85-1)[1] to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 76), regarding Defendant's motion to substitute counsel (Dkt. No. 69). Having thoroughly considered the objections and the relevant the record, the Court hereby OVERRULES the objections, and ADOPTS Judge Fricke's R&R for the reasons explained herein.

In March 2022, a grand jury indicted Defendant with two counts of Mailing Threatening Communications. (Dkt. No. 1.) Douglas Beevers, counsel for the Office of the Federal Public Defender, appeared on Defendant's behalf. (Dkt. No. 7.) The Court later appointed him to represent Defendant in this matter, with trial now scheduled to commence December 4, 2023.

---

[1] The objections are maintained under seal, given their sensitive nature. (*See* Dkt. No. 84.)

(*See* Dkt. Nos. 9, 44, 47.)

In May 2023, Defendant sought to dismiss Mr. Beevers and replace him with counsel outside of the Office of the Federal Public Defender. At Defendant's request, Mr. Beevers moved for a status conference and an *ex parte* hearing regarding the same. (*See* Dkt. No. 69 at 1.) Judge Fricke held the conference and the hearing, (*see* Dkt. No. 72), issuing an R&R (Dkt. No. 76) shortly thereafter. In it she recommended that Defendant's request for replacement counsel be denied without prejudice. (*Id.* at 9.) She did so based on a finding that, while Defendant may disagree with Mr. Beevers' tactics and proposed trial strategy, the two effectively communicate. (*See* Dkt. No. 77 at 6–7 (sealed version of the R&R[2]).) She noted that even if their relationship is "strained," there is "no evidence of an irreconcilable breakdown in communication" or of an "actual conflict of interest." (Dkt. No. 76 at 9.)

Defendant filed a timely objection.[3] (Dkt. No. 85-1.) He does not challenge any of the factual findings relevant to the legal issues at hand.[4] (*See generally* Dkt. No. 85-1.) Instead, he takes issue with Judge's Fricke's legal determination that a lack of trust between Defendant and Mr. Beevers, *alone*, is insufficient to support the appointment of new counsel. (*Id.* at 5–6.) Defendant points the Court to *Plumlee v. Masto*. (*See* Dkt. No. 85-1 at 5 (citing 512 F.3d 1204 (9th Cir. 2008)).) He contends that Judge Fricke misinterpreted this holding as standing for the

---

[2] Because of the *ex parte* nature of the hearing, much of Judge Fricke's factual findings are redacted. (*See* Dkt. No. 76 at 6–8.) Remaining citations in this order are to the redacted version (Dkt. No. 76).

[3] Because Judge Fricke considered the instant motion (Dkt. No. 75) interrelated to the Government's competency motion (Dkt. No. 33), she concluded that, collectively, they were of constitutional magnitude. (*See* Dkt. Nos. 75 at 2, 76 at 2–3.) As such, she issued R&Rs on both motions, rather than orders on either. (*See generally* Dkt. Nos. 75, 76.) The Court will, therefore, review resulting objections *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

[4] The Court reviewed, in its entirety, an audio recording of the June 5, 2023 status conference and *ex parte* hearing. While, in now objecting to the R&R, Defendant reiterates concerns expressed during the hearing, (*see* Dkt. No. 85-1 at 7–12), the Court finds that this portion of Defendant's objection reflects a disagreement with counsel over tactics and trial strategy—not disputed factual findings.

proposition that a lack of trust "is not a basis for overturning the appointment of counsel." (Dkt. No. 85-1 at 5–6.) But that is exactly what the Ninth Circuit said. *Plumlee*, 512 F.3d at 1210. The court affirmed a lower court's denial of a petition for a writ of habeas corpus. *Id.* at 1211. In doing so, it found no grounds for relief based on the lower court's earlier decision declining to relieve the Public Defender's Office from representing the petitioner in the preceding trial. *Id.* at 1210–11. The Ninth Circuit reasoned that, while the Sixth Amendment right to counsel requires one free of conflicts of interest, a dislike or distrust of counsel on the part of a defendant does not necessarily create a conflict of interest. *Id.* at 1211.

Defendant's reliance on *Daniels v. Woodford*, another habeas case, is misplaced. (*See* Dkt. No. 85-1 at 6 (citing 428 F.3d 1181, 1198 (9th Cir. 2005)).) There, the Ninth Circuit found that the trial court violated its duty to inquire of a potential conflict resulting from the defendant's dissatisfaction with counsel's performance. *Daniels*, 428 F.3d 1200. And, on this basis, it could not say with certainty that an actual conflict had *not* arisen. *Id.* at 1201. As a result, the right to counsel was violated. *Id.* Whereas here, Judge Fricke held a lengthy in person *ex parte* hearing. And the Court has since reviewed a recording of that hearing, in detail. It appears clear that her inquiry was adequate. She thoughtfully questioned Defendant and Mr. Beevers, eliciting responses relevant to the standards articulated in *U.S. v. D'Amore*, 56 F.3d 1202, 1205 (9th Cir. 1995). She allowed both to fully respond. She even allowed Defendant to supplement his responses, after hearing from Mr. Beevers. Based on this inquiry, Judge Fricke concluded their disagreements did not preclude effective communication and, as such, no conflict existed. (*See* Dkt. No. 76 at 8–9.) This Court reaches the same conclusion.

For the foregoing reasons, it is ORDERED that:

(1) The R&R (Dkt. No. 76) is ADOPTED;

(2) Defendant's objections (Dkt. No. 85-1) are OVERRULED;

(3) Defendant's motion to substitute counsel (Dkt. No. 69) is DENIED without prejudice.

DATED this 29th day of June 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE