THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DYLAN CORRAL,<br><br>　　　　　　　　Defendant. | CASE NO. CR22-0048-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion (Dkt. No. 88) for reconsideration of the Court's order (Dkt. No. 87) denying without prejudice Defendant's motion to substitute counsel (Dkt. No. 69). Pursuant to Local Rule 430.1(i)(3),[1] a motion for reconsideration must provide the Court with new or different facts or circumstances or other grounds demonstrating that the movant is entitled to the relief sought. Defendant, in asking the Court to reconsider its prior ruling, contends the Court made erroneous factual findings and misinterpreted relevant precedent. (*See* Dkt. No. 88-1 at 2–27.)

As to the factual findings, Defendant asserts that there is, in fact, a complete breakdown in communications between himself and appointed counsel, Mr. Beevers. (*See id.* at 5–20.) But

---

[1] Defendant's reference to Local Rule 230(j), (*see* Dkt. No. 88-1 at 3), is inapt, as that rule applies to a request for reconsideration of a ruling on a civil motion. Local Rule 430.1(i) applies to a request for reconsideration of a ruling on a criminal motion.

ORDER
CR22-0048-JCC
PAGE - 1

this is not consistent with the testimony provided during the June 5, 2023 *ex parte* hearing. Nor is it consistent with the facts, as described in Defendant's instant motion. In that motion, Defendant admits that the two continue to communicate. (*See id.* at 15.) While Defendant takes issue with counsel's subsequent actions, or lack thereof, (*id.*), this reflects differing legal strategy or trial tactics—not an inability to communicate.

As to the Court's legal analysis, it disagrees with Defendant's interpretation of *Daniels v. Woodford*, 428 F.3d 1181 (9th Cir. 2005) and *Plumlee v. Masto*, 512 F.3d 1204 (9th Cir. 2008). (*See* Dkt. No. 88-1 at 21–25.) The Court remains convinced that, collectively, those cases and other relevant precedent stand for the following proposition: So long as a court engages in a probing inquiry of the relationship between a defendant and their appointed defense counsel, and based on that inquiry determines there is no inherent conflict of interest between the two, the defendant's Sixth Amendment right to counsel is not violated.[2]

For the foregoing reasons, the Court DENIES Defendant's motion for reconsideration (Dkt. No. 88).

DATED this 19th day of July 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Here Judge Fricke did just that. And the Court then reviewed a recording of that same inquiry and came to the same conclusion as Judge Fricke: There is no irreconcilable conflict of interest at this time between Defendant and appointed counsel, Mr. Beevers.