UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-cr-00048-JCC-TLF |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION ON DEFENDANT'S REQUEST FOR SUBSTITUTE COUNSEL WITH PROPOSED FINDINGS OF FACT PURSUANT TO FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241, 4247 |
| DYLAN CORRAL, | |
| Defendant. | |

The District Court has referred, under Fed. R. Crim. P. 59, the defendant's motion to appoint new counsel. Dkt. 112, 112-1, 113. On September 27, 2023, defendant's attorney filed the motion on behalf of the defendant. Dkt. 112. The Court provided an opportunity for a response, but the motion was not responded to by the government. Dkt. 118. The District Court reviews the Magistrate Judge's Findings and Report under a *de novo* standard of review if there are Constitutional issues to be resolved. *United States v. Raddatz,* 447 U.S. 667, 683 (1980); *U.S. v. Rivera-Guerrero,*

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 AND 18 U.S.C.
18 U.S.C. §§ 4241, 4247 - 1

377 F.3d 1064, 1070-1071 (9th Cir. 2004).

On September 21, 2022, the Honorable John C. Coughenour ordered a competency evaluation under 18 U.S.C. §§ 4241(b), 4247(b)-(c). Dkt. 17. The Court ordered a hearing, which was held on June 5, 2023 (after two hearings were scheduled in May, but required re-setting because of a scheduling conflict, and an illness). Dkt. 55, 56, 61, 65, 66. The defendant was found competent to stand trial at that time. Dkt. 75, 86.

Mr. Corral filed two motions to remove his previous attorney, Mr. Beevers; the first was denied, but after additional developments, the second motion was granted by the Court on August 29, 2023. Dkt. 69, 72, 75, 76, 77, 82, 85, 86, 87, 88, 89, 90, 92, 93, 95, 96, 97, 100, 102, 103, 107. Substitution of counsel was effectuated and his current attorney, Ms. Danica Mazenko, was appointed on September 8, 2023 under the CJA process. Dkt. 103, 107. Mr. Corral filed another motion to substitute counsel on September 27, 2023. Dkt. 112, 112-1.

## DISCUSSION

**A. Legal Standards**

The United States Court of Appeals for the Ninth Circuit considers the following factors when reviewing a trial court's denial of a motion to substitute counsel: (a) timeliness of the motion; (b) adequacy of the court's inquiry; and (c) whether there was a total lack of communication between attorney and client that prevented an adequate defense. *U.S. v. Rogers,* 769 F.2d 1418, 1423-1424 (9th Cir. 1985). In conducting a hearing on a motion for substitute counsel, the court must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." *U.S. v.*

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 AND 18 U.S.C.
18 U.S.C. §§ 4241, 4247 - 2

*Adelzo-Gonzalez,* 268 F.3d 772, 777 (9th Cir. 2001) (quoting *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991)).

Depending on the context of the request for substitution of counsel, the court may need to ask both open-ended questions, and precise, targeted questions, into the issues, to ascertain

    (1) the depth of any conflict between defendant and counsel,

    (2) the extent of any breakdown in communication,

    (3) how much time may be necessary for a new attorney to prepare, and

    (4) any delay or inconvenience that may result from substitution."

*Adelzo-Gonzalez,* 268 F.3d at 777 (citing *U.S. v. D'Amore*, 56 F.3d 1202, 1205 (9th Cir. 1995)).

The trial court has a responsibility to conduct a competency hearing, where evidence raises a "bona fide doubt" as to a defendant's competence to stand trial. *Pate v. Robinson,* 383 U.S. 375, 385 (1966). A person who is not presently competent to stand trial may not have the capacity to consult with their attorney or assist in their defense – and the ability to communicate with and form a working relationship with defense counsel might be causally related to the mental illness or defect – therefore the motion to substitute counsel would potentially be intertwined with the competency issues. *See Maxwell v. Roe,* 606 F.3d 561, 568-569 (9th Cir. 2010) ("The heart of competency to stand trial is a defendant's 'present ability to consult with his lawyer with a reasonable degree of rational understanding' and a 'factual understanding of the proceedings against him.'") (quoting *Dusky v. United States,* 362 U.S. 402 (1960)); *Deere v. Woodford,* 339 F.3d 1084, 1086 (9th Cir. 2003) (evidentiary hearing required

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 AND 18 U.S.C.
18 U.S.C. §§ 4241, 4247 - 3

where there was evidence the defendant did not have the ability to exercise logic in judgments about his defense, and this evidence of defendant's mental status called into question defendant's competency at the time he made the decision to plead guilty). Uncontrolled, irrational reactions may be evidence that a defendant is unable to properly assist counsel in their defense. *U.S. v. Hensi,* 901 F.2d 293, 296 (2d Cir. 1990).

When a defendant requests substitution of appointed counsel and there are also issues raised about whether the defendant is competent to stand trial, the court may consider whether the alleged mental disease or defect is connected to the difficulties with their attorney. *See United States v. Telles,* 18 F. 4th 290, 296-300 (9th Cir. 2021).

"At any time after the commencement of a prosecution for an offense and prior to the sentencing," a court may order a hearing to determine the mental competency of a defendant. 18 U.S.C. § 4241(a). Upon the parties' motion or *sua sponte* if there is reasonable cause to question the defendant's competency, the court must hold such a hearing. 18 U.S.C. § 4241(a).

The court must determine "by a preponderance of the evidence" whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

If the court finds the defendant is not competent, the court must "commit the defendant to the custody of the Attorney General" for hospitalization and treatment to restore competency. 18 U.S.C. § 4241(d).

A defendant is considered competent if they have:

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 AND 18 U.S.C.
18 U.S.C. §§ 4241, 4247 - 4

- a rational and factual understanding concerning the nature and object of the proceedings;
- the ability to consult with their lawyer; and
- the ability to assist in preparation of their defense.

*Drope v. Missouri,* 420 U.S. 162, 171 (1975). The court's responsibility to inquire into competency exists through the trial and the court applies the same "bona fide doubt" analysis to determine whether more than one competency hearing would be required as the case moves forward. *Drope,* 420 U.S. at 181; *Maxwell,* 606 F.3d at 568. The Ninth Circuit Court of Appeals test for assessing bona fide doubt, is: "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *De Kaplany v. Enomoto,* 540 F.2d 975, 983 (9th Cir. 1976) (en banc); *but see, U.S. v. White,* 670 F.3d 1077, 1084-1085 (9th Cir. 2012) (upholding the trial court's decision declining to *sua sponte* hold a second competency hearing).

To make this determination, the court considers the following factors, any one of which – standing alone – may in some circumstances be sufficient to prove incompetence to stand trial: evidence of the defendant's irrational behavior; defendant's demeanor in the courtroom; prior medical opinions concerning the defendant's competence to stand trial. *Drope,* 420 U.S. at 180; *Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir. 1997).

**B. Proposed findings of fact**

Defendant Dylan Corral stands charged under 18 U.S.C. § 876(c) with mailing interstate threats. Dkt. 1. After the Court ordered a competency evaluation, Dr. Tiffany

Smith, a forensic psychologist at the U.S. Bureau of Prisons' Metropolitan Detention Center in Los Angeles, reviewed Mr. Corral's records and considered other information such as phone calls that were being monitored by the Bureau of Prisons. Dkt. 33, Ext. A; Dkt. 27 (Report of Dr. Smith – admitted into evidence as Ex. B during the hearing); Dkt. 75 at 1-2.

Mr. Corral declined to participate in the competency evaluation with Dr. Smith; she relied on a review of records, and on other observations of him. Dkt. 27, at 1-2. Among the diagnoses that Dr. Smith gave for Mr. Corral was a diagnosis of antisocial personality disorder, and a provisional diagnosis of bipolar 1 disorder. Dkt 27, at 9-10; Dkt. 75 at 4.

During the competency hearing on June 5, 2023, the defendant did not act or speak in a manner that suggested he was in mental distress, delusional, or unable to communicate effectively. Dkt. 75 at 5. Defendant decided not to testify at the competency hearing. Dkt. 75 at 4. At the close of the hearing, both the prosecution and the defense argued that the defendant was, at that time, presently competent to stand trial. The Court found that in June of 2023, the defendant was competent to stand trial. *Id.*

Yet there have been changes since June of 2023. The defendant has now submitted three motions to substitute counsel. The Court has sealed the transcript of the in camera portion of the hearing that was conducted on October 10, 2023, as a status conference concerning defendant's motion to substitute counsel, but will first summarize the facts in this Findings and Recommendation without going into the attorney-client, or work product, content. But the Court will redact the portions of the

proposed factual findings where there are references to confidential communication has occurred between attorney and client.

It was apparent to the Court during the October 10, 2023 status hearing that the defendant was talking extraordinarily fast, his speech sounded pressured, he spoke in run-on sentences without taking any breaks, he appeared not able to control the speed of his speech, he repeatedly explained in detail the same conspiracy claims, and he was moving his body back and forth in a repetitive manner while he spoke. The Court observed that Mr. Corral appeared to be increasingly agitated as the hearing progressed, and although he did not shout or become violent, his body movement became more agitated, and his vocal pattern became sterner and more angst-ridden.

[lines 11–23 redacted]

1 ████████████████████████████████████
2 ████████████████████████████████████
3 ████████████████████████████████████
4 ████████████████████████████████████
5 ████████████████████████████████████
6 ████████████████████████████████████
7 ████████████████████████████████████
8 ████████████████████████████████████
9 ████████████████████████████████████
10 ██████████████
11      ████████████████████████████
12 ████████████████████████████████████
13 ████████████████████████████████████
14 ████████████████████████████████████
15 ████████████████████████████████████
16 ████████████████████████████████████
17 ████████████████████████████████████
18 █

### C. Proposed next steps

The Court should find:

Under the Ninth Circuit's test for whether the Court should order a hearing to determine competency, "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have

experienced doubt with respect to competency to stand trial," the Court should hold there exists a bona fide doubt at this point in the pretrial proceedings. As described above, Mr. Corral exhibited behavior and expressed distress during the hearing on October 10, 2023 that suggests he is unable to control his communication and thoughts about the conspiracy, and that he is certain his current attorney is part of the alleged conspiracy.

Ms. Mazenko should not be removed from this case while Mr. Corral's competency is being evaluated, because it is unclear whether Mr. Corral currently has capacity to make a rational decision about his attorney's representation. The defendant has a non-waivable right to have counsel during competency proceedings. *U.S. v. Kowalczyk,* 805 F.3d 847 (9th Cir. 2015). However, if the Court chooses to appoint a separate defense attorney for the purpose of representing Mr. Corral in the proceedings to determine competency, and, if his competency is found to be intact then separate counsel may also represent Mr. Corral in the motion to substitute counsel – that would be a viable option to assuage some of Mr. Corral's concerns about the alleged conspiracy.

Therefore, the Court should decline (at this time) ruling on the defendant's motion to substitute counsel, and the Court should order an evaluation of Mr. Corral, to determine whether he is presently competent to stand trial.

**CONCLUSION**

The Court should decline to rule on defendant's motion to substitute counsel, because of the issues concerning Mr. Corral's ability to rationally assist counsel. The Court should find there is reasonable cause to believe that defendant may presently

suffer from a mental disease or defect that renders him unable to rationally assist in his defense and to have a rational understanding of the nature and consequences of the proceeding against him.

Therefore, the Court should order the defendant to undergo an evaluation by a mental health professional, to determine his mental competency. Pursuant to 28 U.S.C. § 636(b)(1), (b)(3) and Fed. R. Crim. P. 59, the parties shall have fourteen (14) days from service of this Findings and Report to file written objections. *See also* United States District Court for the Eastern District of California Local Rule of Criminal Procedure 430.1(j).

The Magistrate Judge's Findings and Recommendation will be reviewed *de novo*. *U.S. v. Rivera-Guerrero,* 377 F.3d 1064 (9th Cir. 2004).

Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Objections are due within 14 days after service of these Findings and Recommendations.

Dated this 12th day of October, 2023.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge