THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0048-JCC |
| Plaintiff, | ORDER |
| v. | |
| DYLAN CORRAL, | |
| Defendant. | |

This matter comes before the Court on Defendant's objections (Dkt. No. 138) to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. Nos. 122).[1] In the R&R, Judge Fricke recommends that the Court decline to rule on Defendant's motion to substitute counsel (Dkt. No. 112) and instead order that Defendant undergo another competency evaluation. (*See* Dkt. No. 122 at 9–10.) Having duly considered Defendant's objection, along with the relevant the record, the Court hereby ADOPTS Judge Fricke's R&R (Dkt. No. 122) and OVERRULES Defendant's objection (Dkt. No. 138) for the reasons explained herein.

In March 2022, a grand jury indicted Defendant with two counts of Mailing Threatening Communications. (Dkt. No. 1.) On September 21, 2022, the Court ordered that Defendant

---

[1] The unredacted version of Judge Fricke's R&R, which is presently maintained under seal, is available at Docket Number 123.

undergo a competency evaluation pursuant to 18 U.S.C. §§ 4241(b), 4247 (b)–(c). (*See* Dkt. No. 17.) Based on the results of that evaluation,[2] along with Judge Fricke's findings from a June 5, 2023 hearing, the Court found Defendant competent to stand trial. (Dkt. No. 86.)

On October 10, 2023, Defendant again appeared before Judge Fricke, this time in support of his motion to replace counsel. (*See* Dkt. No. 121.) During the *in-camera* portion of that hearing, Judge Fricke concluded there is a bona fide doubt as to Defendant's present competency to stand trial. (Dkt. No. 122 at 8–9.) As such, she recommended that Defendant again undergo a competency examination in accordance with 18 U.S.C. § 4241(a). (*See generally* Dkt. No. 123.) Defendant takes issue with Judge Fricke's factual findings, along with her legal analysis. (*See generally* Dkt. No. 138.)

This Court performs a *de novo* review of those portions of an R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); *see also U.S. v. Rivera-Guerrero*, 377 F.3d 1064, 1070 (9th Cir. 2004) (articulating standard of review for purposes of competency issues). Here, the Court has closely reviewed both an audio recording and transcript of the October 10, 2023 hearing. (*See* Dkt. No. 134.) Based on that review, the Court independently finds itself with a bona fide doubt as to Defendant's competence to stand trial. Therefore, Defendant's competency must be reexamined. *See Anderson v. Gipson*, 902 F.3d 1126, 1133 (9th Cir. 2018).

Accordingly, the Court OVERRULES Defendant's objection (Dkt. No. 138), ADOPTS Judge Fricke's R&R (Dkt. No. 122), STAYS consideration of Defendant's motion to appoint new counsel (Dkt. No. 112), and ORDERS the following pursuant to 18 U.S.C. §§ 4241(a) and 4247(b):

---

[2] Defendant declined to participate with the psychologist in the evaluation process. (*See* Dkt. No. 43-1 at 1.) As a result, the ultimate findings were based, in part, on past medical records. (*Id.* at 5.) Judge Fricke later determined that those records were incomplete. (*See* Dkt. No. 137-1 at 6.)

1. Defendant shall be committed to the custody of the Attorney General for a period not to exceed 30 days, and be examined during that time by a psychiatrist and/or psychologist chosen by the Attorney General who shall conduct a competency examination to attempt to determine if Defendant is able to understand the nature and consequences of the proceedings against him and if he is able to assist in his defense.
2. The examining psychiatrist and/or psychologist shall prepare an examination report pursuant to 18 U.S.C. § 4247(c), file that report with the Court, and provide copies to Defendant's counsel and the United States. The report shall include the following:
    a. Defendant's history and present symptoms.
    b. A description of the psychiatric, psychological and medical tests that were employed and their results.
    c. The examiner's findings.
    d. The examiner's opinion as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him, or to assist properly in his defense, as defined in 18 U.S.C. section 4241(a).

To ensure the examination and report are complete, Defense Counsel is ORDERED to coordinate the production of Defendant's medical and mental health records, including those not previously considered (such as from California Health Care Facility Stockton). (*See* Dkt. Nos. 137 at 2, 137-1 at 5–6.) The Clerk is DIRECTED to issue subpoenas as Defense Counsel deems necessary to gather this information.

DATED this 20th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE