PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00048-JCC |
| Plaintiff, | STIPULATION TO VACATE TRIAL AND SET STATUS CONFERENCE; [~~PROPOSED~~] ORDER |
| v. | COURT: Hon. U.S. District Judge John C. Coughenour |
| DYLAN CORRAL, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous stipulation and order, this matter was scheduled for trial on June 24, 2024. Doc. 141. The same stipulation and order outlined a pretrial briefing schedule, with a hearing on motions in limine scheduled for May 24, 2024. Doc. 141.

2. By this stipulation, the parties move to vacate the pretrial motions hearing schedule, the hearing on the motions in limine, and the trial and set the case for a status conference on June 3, 2024.

3. On November 20, 2023, the Court ordered that Mr. Corral undergo a competency evaluation. Doc. 139. On December 4, 2023, Mr. Corral moved for reconsideration of the Court's order and an emergency stay, Doc. 142 and Doc. 143. The Court denied those motions. Doc. 144. On December 14, 2023, Mr. Corral moved again for reconsideration. Doc. 147. On the same date, the

Court denied Mr. Corral's motion. Doc. 148. U.S. Marshals attempted to transfer Mr. Corral to MDC Los Angeles for the competency proceeding, but Mr. Corral refused. So, on January 3, 2024, the Court ordered that Mr. Corral's competency examination be conducted by a local psychologist i.e., one not associated with the BOP and directed BOP to not transfer Defendant to MDC Los Angeles.

4.  Since the Court's order on January 3, 2024, the parties have contracted a local psychologist to evaluate Mr. Corral's competency to stand trial. The psychologist reviewed thousands of pages of Mr. Corral's medical records and then met with and examined Mr. Corral on February 22, 2024. The psychologist is now preparing a report on Mr. Corral's competency. Once the psychologist finalizes his report, the parties will review the report and proceed with further competency proceedings.

5.  During the time that the defendant has undergone competency proceedings and evaluation, defense counsel has not had the opportunity to prepare pretrial motions or to prepare responses to any of the government's previously filed pretrial motions. The defense needs additional time, after Mr. Corral's competency proceedings are completed, to attend to these matters. Thus, by this stipulation, the defendant moves to vacate the currently scheduled trial and pretrial motions scheduled and set the case for a status conference on June 3, 2024.

6.  The government does not object to the defense's request.

7.  The parties agree and stipulate, and request that the Court find the following:

   a)  Discovery has been provided to defendant, consisting of over 1,000 Bates-stamped items, including reports of investigation, an audio- and video-recorded interview of the defendant, photographs, and a summary of defendant's criminal history.

   b)  Defense counsel represents that, despite the exercise of diligence, she requires additional time to prepare for trial, to respond to the government's pretrial motions, to prepare potential pretrial motions for the defense, to conduct relevant investigations, to hire appropriate experts, and to issue various subpoenas in advance of trial.

   c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d)  Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e) Although speedy trial time has previously been excluded through June 24, 2024, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the filing of this stipulation to June 3, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act provide that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated:  March 12, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  March 12, 2024

/s/ DANICA MAZENKO
DANICA MAZENKO
Counsel for Defendant
DYLAN CORRAL

**[PROPOSED] ORDER**

IT IS ORDERED that the parties' briefing schedule, hearing on motions in limine, and trial date are vacated and a status conference is scheduled for June 3, 2024.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth above outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of today's date through June 3, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) & (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

DATE: March 12, 2024

_____
THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE