UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

DYLAN CORRAL,

              Defendant.

CASE NO. 2:22-cr-00048-JCC-TLF

FINDINGS AND RECOMMENDATION ON DEFENDANT'S ABSENCE FROM HEARING  WITH PROPOSED FINDINGS OF FACT PURSUANT TO FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241, 4247

       The District Court has referred, under Fed. R. Crim. P. 59, the hearing to determine whether defendant is presently competent, and whether he should be committed for competency restoration. Dkt. 113. The District Court reviews the Magistrate Judge's report and findings under a *de novo* standard of review if there are Constitutional issues to be resolved. *United States v. Raddatz,* 447 U.S. 667, 683

1  (1980); *U.S. v. Rivera-Guerrero,* 377 F.3d 1064, 1070-1071 (9th Cir. 2004).

2  ## A. PROCEDURAL BACKGROUND

3  On September 21, 2022, the Honorable John C. Coughenour ordered a

4  competency evaluation under 18 U.S.C. §§ 4241(b), 4247(b)–(c). Dkt. 17. The Court

5  ordered a hearing, which was held on June 5, 2023 (after two hearings were scheduled

6  in May, but required re-setting because of a scheduling conflict, and an illness). Dkt. 55,

7  56, 61, 65, 66.

8  After the Court ordered the first competency evaluation, Dr. Tiffany Smith, a

9  forensic psychologist at the U.S. Bureau of Prisons' Metropolitan Detention Center in

10  Los Angeles, reviewed Mr. Corral's records and considered other information such as

11  phone calls that were being monitored by the Bureau of Prisons. Dkt. 33, Ext. A; Dkt. 27

12  (Report of Dr. Smith – admitted into evidence as Ex. B during the hearing); Dkt. 75 at 1-

13  2.

14  Mr. Corral declined to participate in the competency evaluation with Dr. Smith;

15  she relied on a review of records, and on other observations of him. Dkt. 27, at 1-2.

16  Among the diagnoses that Dr. Smith gave for Mr. Corral was a diagnosis of antisocial

17  personality disorder, and a provisional diagnosis of bipolar 1 disorder. Dkt 27, at 9-10;

18  Dkt. 75 at 4.

19  At the close of the first competency hearing, both the prosecution and the

20  defense argued that the defendant was, at that time, presently competent to stand trial.

21  The Magistrate Judge issued Findings and Recommendations that Mr. Corral was

22  competent at that time, and the District Court, after de novo review, agreed. Dkt. 75, 86,

23  87.

24  FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 2

1    Mr. Corral filed two motions to remove his previous attorney, Mr. Beevers; the

2    first was denied, but after additional developments, the second motion was granted by

3    the Court on August 29, 2023. Dkt. 69, 72, 75, 76, 77, 82, 85, 86, 87, 88, 89, 90, 92, 93,

4    95, 96, 97, 100, 102, 103, 107. Substitution of counsel was effectuated and his current

5    attorney, Ms. Danica Mazenko, was appointed on September 8, 2023 under the CJA

6    process. Dkt. 103, 107. Mr. Corral filed another motion to substitute counsel on

7    September 27, 2023. Dkt. 112, 112-1.

8    The Court referred the motion to the Magistrate Judge, and a status conference

9    was held on October 10, 2023. Dkt. 121. Counsel for the defense expressed during the

10    hearing that she was concerned about whether Mr. Corral could assist in his defense.

11    The Court held an in camera portion of the hearing, to protect attorney-client privilege,

12    and filed Findings and Recommendation that the Court should defer any decision on the

13    defendant's motion to substitute counsel. Dkt. 122. The Magistrate Judge also

14    recommended that another competency hearing should be conducted. Dkt. 122. The

15    Magistrate Judge recommended that no decision should be made on the motion to

16    substitute counsel until the defendant's competency to stand trial was again reviewed.

17    Dkt. 122.

18    This Findings and Recommendation was approved and adopted by the Hon.

19    John C. Coughenour, and Judge Coughenour referred the second competency hearing

20    to the Magistrate Judge. Dkt. 139. In addition, after the defendant refused to be

21    transported to the U.S. Bureau of Prisons' Metropolitan Detention Center in Los

22    Angeles, for evaluation, Judge Coughenour ordered that a new psychiatrist or clinical

23    psychologist would be appointed to conduct a pre-hearing psychiatric or psychological

24    FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 3

1    examination, to evaluate Mr. Corral's mental health and to issue a report under 18

2    U.S.C. § 4241(b). Dkt.149. The Court also vacated the trial date, and issued an order

3    excluding from the speedy trial deadline the time for proceedings necessary for a

4    second competency hearing. Dkt. 152.

5

6                                    **B. PROPOSED FINDINGS OF FACT**

7            Defendant Dylan Corral stands charged under 18 U.S.C. § 876(c) with mailing

8    interstate threats. Dkt. 1.

9            He was found to be competent to stand trial on June 21, 2023. Dkt. 86. On order

10   of the Court for another competency hearing, a new expert -- Dr. Charles E. Saldanha,

11   MD -- has evaluated him, and on March 22, 2024, the Government submitted Dr.

12   Saldanha's report for filing (under seal). Dkt. 158, 161. The Magistrate Judge opened

13   the hearing on the issue of competency on April 1, 2024. At the outset of the hearing,

14   the Court was informed that Mr. Corral would not agree to be transported from the

15   Sacramento County Jail to the United States District Court in Sacramento for the

16   hearing. Dkt. 164, Transcript of Competency/Evidentiary Hearing, at 3:15-23. The Court

17   invited counsel to provide input, and then the Court requested testimony from the

18   Deputy United States Marshal who had gone to the Sacramento County Jail and had

19   talked with Mr. Corral. Dkt. 164, p. 6-8.

20           Deputy United States Marshal Jason Garcia stated that he went to the third floor

21   unit of the Sacramento County Jail, to pick up Mr. Corral for transportation to the United

22   States District Court. Dkt. 164, at 5:9-11. Approximately 20 minutes later, Deputy

23   Marshal Garcia received information that Mr. Corral refused to go. Dkt. 164, at 5:13-14.

24   FINDINGS AND RECOMMENDATION ON
     DEFENDANT'S ABSENCE FROM HEARING  WITH
     PROPOSED FINDINGS OF FACT PURSUANT TO
     FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
     4247 - 4

1    Deputy Marshal Garcia and two other unit officers went to the cell, and Deputy

2    Marshal Garcia had a conversation with Mr. Corral. Dkt. 164, at 5:14-21. Deputy

3    Marshal Garcia stated that Mr. Corral at first seemed nervous. Dkt 164, 5:17-18. He

4    observed Mr. Corral appeared to have been concerned because Deputy Marshal Garcia

5    was carrying chains, and had the other officers with him – after the Deputy Marshal

6    introduced himself, Mr. Corral told Deputy Marshal Garcia that he refused to go to the

7    Federal Court. Dkt. 164, at 5:22-23.

8    Deputy Marshal Garcia stated that Mr. Corral said the Deputy Marshal should

9    "tell the Judge I don't need to be there;" Mr. Corral indicated to Deputy Marshal Garcia

10   that he was "invoking his right to protest". Dkt. 164, at 6:2-7. Mr. Corral sat down on a

11   table and appeared to become more relaxed. *Id.*

12   When asked for clarification, Deputy Marshal Garcia stated that Mr. Corral said it

13   did not matter if he attended the hearing, because he believed the doctor would say

14   what he had to say regardless. Dkt. 164, at 7-5. Mr. Corral also stated that he did not

15   agree with the proceeding. Dkt. 164, at 7:8-9.

16   Later, after he left the Sacramento County Jail, Deputy Marshal Garcia inquired

17   whether it would be possible to connect Mr. Corral with the Federal District Court's

18   hearing by videoconference, or by phone. Dkt. 164, 16-24. He asked the officers at the

19   Sacramento County Jail to confirm with Mr. Corral whether he would participate by

20   videoconference or by phone if such a connection could be accomplished. *Id*. After the

21   officers confirmed that they could set up a videoconference or phone connection, and

22   they asked Mr. Corral whether he would agree to participate by electronic means, Mr.

23   Corral also declined to participate in that way. *Id.*

24   FINDINGS AND RECOMMENDATION ON
     DEFENDANT'S ABSENCE FROM HEARING  WITH
     PROPOSED FINDINGS OF FACT PURSUANT TO
     FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
     4247 - 5

1         After Deputy Marshal Garcia had provided this testimony, the Court inquired

2    whether defense counsel, or Dr. Charles E. Saldanha, MD, the psychiatrist that

3    evaluated Mr. Corral, and was prepared to testify, would consider meeting with Mr.

4    Corral. Dkt. 164, p. 8-10. The Court asked the parties to give their perspectives. *Id.*

5         After a recess, the Court in the afternoon requested that Deputy Marshal Garcia

6    meet again with Mr. Corral and attempt to transport him voluntarily to attend the hearing

7    in the afternoon. The Court advised Deputy Marshal Garcia that it would be helpful to

8    give Mr. Corral information that if he wanted to testify, he had a right to do that in this

9    hearing. Dkt. 164, at 23:18-24:9. The Court advised Deputy Marshal Garcia that he

10   should not advise Mr. Corral of rights in the same way a law enforcement officer might

11   advise of Miranda warnings and ask whether the defendant wants to waive those rights;

12   although the Court had informed Mr. Corral during the previous competency hearing

13   that he had a right to testify, that hearing had taken place many months before; the

14   Court requested Deputy Marshal Garcia to remind Mr. Corral of the right to testify. *Id.*

15        When the Court reconvened at 1:50 pm on April 1, 2024, Deputy Marshal Garcia

16   testified that he went a second time to the Sacramento County Jail. Dkt. 164, at 26:5-24

17   He went to the cell where Mr. Corral was being held, and told Mr. Corral the Court was

18   ordering him to come to the hearing, and he would have the right and opportunity to

19   testify. *Id*. Mr. Corral asked whether the hearing was over, and Deputy Marshal Garcia

20   told him he did not know, because he was not present during all of the morning

21   proceedings. *Id*. Mr. Corral again stated that he understands his rights and would not

22   come to the hearing. *Id.*

23

24   FINDINGS AND RECOMMENDATION ON
     DEFENDANT'S ABSENCE FROM HEARING  WITH
     PROPOSED FINDINGS OF FACT PURSUANT TO
     FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
     4247 - 6

1

## C. LEGAL ANALYSIS AND RECOMMENDATION

2     "At any time after the commencement of a prosecution for an offense and prior to

3     the sentencing," a court may order a hearing to determine the mental competency of a

4     defendant.  18 U.S.C. § 4241(a).  Upon the parties' motion or *sua sponte* if there is

5     reasonable cause to question the defendant's competency, the Court must hold such a

6     hearing.  18 U.S.C. § 4241(a).

7     The Court must determine "by a preponderance of the evidence" whether "the

8     defendant is presently suffering from a mental disease or defect rendering him mentally

9     incompetent to the extent that he is unable to understand the nature and consequences

10    of the proceedings against him or to assist properly in his defense."   18 U.S.C. §

11    4241(d).

12    If the Court finds the defendant is not competent, the Court must "commit the

13    defendant to the custody of the Attorney General" for hospitalization and treatment to

14    restore competency.  18 U.S.C. § 4241(d).

15    A defendant is considered competent if they have:

16    - a rational and factual understanding concerning the nature and object of the

17      proceedings;

18    - the ability to consult with their lawyer; and

19    - the ability to assist in preparation of their defense.

20    *Drope v. Missouri,* 420 U.S. 162, 171 (1975).

21    When a defendant requests substitution of appointed counsel and there are also

22    issues raised about whether the defendant is competent to stand trial, the court may

23    consider whether the alleged mental disease or defect is connected to the difficulties

24    FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 7

1   with their attorney. *See United States v. Telles,* 18 F. 4th 290, 296-300 (9th Cir. 2021).

2          To make this determination, the Court considers the following factors, any one of

3   which – standing alone – may in some circumstances be sufficient to prove

4   incompetence to stand trial: evidence of the defendant's irrational behavior; defendant's

5   demeanor in the courtroom; prior medical opinions concerning the defendant's

6   competence to stand trial. *Drope,* at 180; *Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir.

7   1997).

8          Defendant has a non-waivable right to have counsel during competency

9   proceedings. *U.S. v. Kowalczyk,* 805 F.3d 847 (9th Cir. 2015).

10         The defendant has a constitutional right to be present during a competency

11  hearing. *Sturgis v. Goldsmith,* 796 F.3d 1103, 1108-1109 (9th Cir. 1986). In a criminal

12  case, any waiver of the right to be present must be knowing, voluntary, and intelligent.

13  *See Campbell v. Wood,* 18 F.3d 662, 671-72 (9th Cir. 1994). Concerning the due

14  process right to be present, there are some situations where the defendant's absence

15  "may so undermine the integrity of the trial process that the error will necessarily fall

16  within that category of cases requiring automatic reversal; this would be structural error

17  and cannot be considered under any harmless error analysis. *Hegler v. Borg,* 50 F.3d

18  1472, 1476 (9th Cir. 1995). In the context of a competency hearing, the Ninth Circuit

19  has held that harmless error would apply. *Sturgis v. Goldsmith,* at 1109. The analysis of

20  the defendant's right to be present may be different under the Sixth Amendment

21  Confrontation Clause. "A hearing solely on competency does not involve guilt or

22  innocence. It is instead a non-adversarial proceeding. . . 'for the limited, neutral purpose

23  of determining [a defendant's] competency.'" *Sturgis v. Goldsmith,* 796 F.2d at 1111

24  FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 8

1   (Wallace, J. concurring in part and dissenting in part) (quoting, *Estelle v. Smith,* 451

2   U.S. 454, 465 (1981)).

3          A defendant has a constitutional and statutory right to testify at a pretrial

4   competency hearing, and only the defendant may waive it – counsel may not waive this

5   right on behalf of their client. *U.S. v. Gillenwater,* 717 F.3d 1070 (9th Cir. 2013).

6   Although a defendant may waive their right to testify, if the defendant's competency is at

7   issue, their capacity to knowingly, and intentionally, waive the right to testify is

8   uncertain. *See Gillenwater,* at 1086, n. 8; *see, U.S. v. Gerrans,* 477 F. Supp. 3d 1035,

9   1057-1058 (ND Cal. 2020) (colloquy regarding whether the defendant understands the

10  right to testify in a competency hearing, and has decided to waive the right). In a

11  criminal trial, the defendant is presumed to assent to his attorney's tactical decision not

12  to have him testify. *US v. Joelson,* 7 F.3d 174, 177 (9th Cir. 1993). The Court does not

13  have a duty to advise the defendant of their right to testify in a criminal trial, and any

14  waiver of the right to testify must be knowing and voluntary – but it does not need to be

15  explicit. *U.S. v. Pino-Noriega,* 189 F.3d 1089, 1094 (9th Cir. 1999). The Ninth Circuit has

16  not decided whether a denial of the defendant's constitutional right to testify in a

17  competency hearing would be structural error, or whether it would be subject to

18  harmless error analysis. *U.S. v. Gillenwater,* 717 F.3d at 1083-1084.

19         A United States Magistrate Judge is not given authority to conclusively determine

20  a disputed question that would be dispositive of an issue of constitutional magnitude in

21  a felony criminal matter. *U.S. v. Riverera-Guerrero,* 377 F.3d 1064, 1070-1071 (9th Cir.

22  2004). The District Court Judge must engage in de novo review of the Magistrate

23  Judge's proposed findings and recommendations, to comply with the restrictions

24  FINDINGS AND RECOMMENDATION ON
    DEFENDANT'S ABSENCE FROM HEARING  WITH
    PROPOSED FINDINGS OF FACT PURSUANT TO
    FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
    4247 - 9

1   mandated by Congress in 28 U.S.C. § 636(b)(1)(A), and (b)(3). *Id; see also, United*

2   *States v. Weisberger,* 951 F.2d 392, 398 (D.C. Cir. 1991) (District Court reviewed an

3   order of a Magistrate Judge – an order that was outside the jurisdiction of the Magistrate

4   Judge -- and the record showed this was de novo review; therefore, any error was

5   harmless). Therefore, the Magistrate Judge would not have jurisdiction to issue an order

6   under these circumstances, without first submitting findings of fact and

7   recommendations and obtaining an order from the District Judge concerning the

8   process for assessment of whether Mr. Corral has capacity to waive his rights, either

9   expressly or by implication, or whether to conduct a competency hearing in abstentia.

10          In this case, the defendant refused to be transported to the U.S. District Court.

11   Despite two attempts by the Deputy United States Marshal to bring Mr. Corral

12   voluntarily to the hearing, Mr. Corral declined to voluntarily be transported. He stated

13   that he was exercising his right to protest, and that he disagreed with the proceeding.

14          Although there was a previous finding that Mr. Corral was competent to stand

15   trial in 2023, another evaluation has taken place. Dkt 161, sealed. It is unclear whether

16   Mr. Corral would currently be competent for the proceedings against him, including the

17   competency hearing. Bringing him to Court involuntarily, in chains, appears to the Court

18   to have the potential to exacerbate his mental health condition and symptoms, and the

19   Court was not in a position to be able to evaluate whether he had the capacity to

20   knowingly and intentionally waive his right to testify or his right to be present.

21          Because the waiver of these statutory and constitutional rights is an issue of

22   constitutional significance, and because it is crucial for the Court to accurately assess

23   Mr. Corral's competency, the Court therefore recommends that a neutral third-party

24   FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 10

1  defense attorney should be appointed to consult with Mr. Corral at the Sacramento

2  County Jail, along with a psychiatrist or clinical psychologist (other than the two experts

3  who have already evaluated him and filed their reports with the Court) appointed by the

4  Court to determine whether Mr. Corral is able to knowingly and intentionally waive his

5  right to be present and waive his right to testify at this specific hearing. If it is determined

6  that he has capacity to waive these rights, then the third-party defense counsel

7  (appointed only for this purpose) may obtain a waiver from Mr. Corral, in writing or orally

8  by recording his waiver on a cell phone or by other electronic means. In the absence of

9  an express waiver, the Court would potentially be able to consider whether Mr. Corral

10  waives his rights by implication.

11         The third party psychiatrist or clinical psychologist, and the third-party criminal

12  defense counsel would then be called to the hearing by the Court as witnesses to testify

13  regarding what has occurred. At that point, the Court would consider whether Mr. Corral

14  possesses the ability to knowingly and intentionally waive his rights. If the Court finds

15  the record supports a finding that Mr. Corral's waives the right to counsel and right to be

16  present, the proceeding may be held in his absence.

17         In addition, the Court could explore whether it is possible to conduct the

18  competency hearing in the Sacramento County Jail;  this would resolve the involuntary

19  transportation problem, and a hearing at the jail would remove the issue of his right to

20  be present.

**CONCLUSION**

22         The Court should decline to rule at this time on defendant's motion to substitute

23  counsel, because of the issues concerning Mr. Corral's ability to rationally assist

24  FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 11

1 counsel. The Court should explore the issue of whether Mr. Corral has the ability to

2 knowingly, voluntarily, and intentionally waive his right to be present at the competency

3 hearing, and the issue of whether Mr. Corral has the ability to knowingly, voluntarily, and

4 intentionally waive his right to testify at the competency hearing. This could be done by

5 appointing a psychiatrist or clinical psychologist to evaluate Mr. Corral and advise the

6 Court for this limited purpose, along with appointing a criminal defense attorney to

7 consult with and advise Mr. Corral, and advise the Court, for this limited purpose. In

8 addition, the Court could explore whether the Sacramento County Jail has sufficiently

9 secure and appropriate facilities for holding a competency hearing at that facility, where

10 the defendant could be present during the hearing, thus allowing him to be present and

11 an assessment of his ability to exercise -- or to waive -- his right to testify, would be

12 considered on the record.

13　　　　Pursuant to 28 U.S.C. § 636(b)(1), (b)(3) and Fed. R. Crim. P. 59, the parties

14 shall have fourteen (14) days from service of this Report to file written objections. *See*

15 *also* United States District Court for the Eastern District of California Local Rule of

16 Criminal Procedure 430.1(j).

17　　　　The Magistrate Judge's Report and Recommendation will be reviewed *de novo.*

18 *U.S. v. Rivera-Guerrero*.

19　　　　Failure to file objections may result in a waiver of those objections for purposes

20 of de novo review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and may result in

21 a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140,

22 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

23

24 FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 12

1  Objections are due within 14 days after service of these Findings and

2  Recommendations.

3

4      Dated this 3rd day of April, 2024.

5

6                     Theresa L. Fricke
                   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  FINDINGS AND RECOMMENDATION ON
DEFENDANT'S ABSENCE FROM HEARING  WITH
PROPOSED FINDINGS OF FACT PURSUANT TO
FED. R. CRIM. P. 59 AND 18 U.S.C. 18 U.S.C. §§ 4241,
4247 - 13