THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

DYLAN CORRAL,

                              Defendant.

CASE NO. CR22-0048-JCC

ORDER

15   This matter comes before the Court on the Findings and Recommendations of the

16   Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 166). Judge Fricke

17   recommends that the Court delay ruling on Defendant's motion to substitute counsel (Dkt. No.

18   112) and, instead, explore whether Defendant can knowingly, voluntarily, and intentionally

19   waive his right to be present at a competency hearing, in light of uncertainty regarding

20   Defendant's competency. (*See* Dkt. No. 166 at 11–12.) For the reasons described below, the

21   Court DECLINES to adopt Judge Fricke's recommendation and ORDERS that Defendant be

22   extracted from his cell at the Sacramento County Jail to attend a competency hearing, to be

23   scheduled at a later date.

24   This issue arose after Defendant refused transport for an April 1, 2024, competency

25   hearing. (*See* Dkt. No. 162 at 1–2) (hearing transcript). Judge Fricke now suggests the Court

26   appoint a neutral third-party defense attorney and psychologist to assist it in assessing whether

Defendant presently has the capacity to knowingly, voluntarily, and intentionally waive his right to attend his competency hearing. (*Id.* at 10–11.)

The Government contends that, given the circumstances here (namely the lack of clarity regarding Defendant's competence), anything less than Defendant's presence is a due process violation. (*See* Dkt. No. 168 at 4) (citing *Sturgis v. Goldsmith*, 796 F.2d 1103 (9th Cir. 1986)); *U.S. v. Kowalczyk*, 805 F.3d 847, 857 (9th Cir. 2015). The Court agrees with the Government.

To ensure that Defendant's due process rights are respected, Defendant must be competent to waive such rights. *See Pate v. Robinson*, 383 U.S. 375, 384 (1966) ("[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial."). And while a third-party psychologist may be able to opine on Defendant's competence to waive his rights, this does not address what the Court is to do if the psychologist finds that Defendant, in fact, presently lacks this competence. Moreover, given the current record, including the most recent psychological report, (*see generally* Dkt. No. 161), the Court has grave doubts as to Defendant's competence. *See Pate*, 383 U.S. at 385 (a defendant's competence must be determined any time "evidence raises a 'bona fide doubt'").

But to date Defendant has refused to participate in the pending competency hearing. (*See* Dkt. No. 162 at 1–2) (hearing transcript). He now asks that the Court presently consider his motion to substitute counsel, *i.e.*, the third appointment of counsel, at least for the limited purpose of a competency hearing. (*See generally* Dkt. No. 169.) With this, Defendant commits to attend the competency hearing. (*See id.* 3–4.) According to Defendant, only with yet another appointed counsel would he have full faith and trust in counsel. (*Id.* at 9–11.) But given Defendant's conduct to date, and in light of the most recent competency evaluation, (*see generally* Dkt. No. 161), the Court has grave doubts in, not only Defendant's competency, but his ability to trust in and have faith in *any* appointed counsel.

Accordingly, the Court DECLINES Judge Fricke's recommendation (Dkt. No. 166) and OVERRULES Defendant's objection (Dkt. No. 169). The Court **ORDERS the United States Marshals Service and the Sacramento County Jail deputies to remove Defendant from his cell, using whatever means necessary if he refuses to voluntarily be removed**, and deliver Defendant to the United States District Court for the Eastern District of California at 501 I Street in Sacramento for a competency hearing before Judge Fricke, to be scheduled at Judge Fricke's convenience.

DATED this 17th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE