PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-00048-JCC |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE; [PROPOSED] ORDER |
| v. | COURT: Hon. U.S. District Judge John C. Coughenour |
| DYLAN CORRAL, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous stipulation and order, this matter was scheduled for a status conference on August 26, 2024. By this stipulation, the parties move to continue the status conference to October 15, 2024.

2. On January 3, 2024, the Court ordered that Mr. Corral undergo a competency examination by a local psychologist. The parties contracted a local psychologist, Dr. Charles Saldanha to evaluate Mr. Corral's competency to stand trial. Dr. Saldanha authored a report on Mr. Corral's competency and testified at an evidentiary hearing on May 24, 2024.

3. Magistrate Judge Fricke issued findings and recommendations on Mr. Corral's competency, recommending that the district court find him incompetent and that he be sent to a federal

facility for an attempt at restoration of competency.  After several stipulated continuances, Mr. Corral filed objections to Magistrate Judge Fricke's findings and recommendations.  Most recently, on August 7, 2024, the United States filed its response to Mr. Corral's objections.

4. During this time during which the defendant has undergone competency proceedings, defense counsel has not had the opportunity to prepare pretrial motions or to prepare responses to any of the government's previously filed pretrial motions.  The defense needs additional time, after Mr. Corral's competency proceedings are completed, to attend to these matters.  Thus, by this stipulation, the defendant moves to continue the currently scheduled status conference and set the case for a status conference on October 15, 2024.

5. The government does not object to the defense's request.

6. The parties agree and stipulate, and request that the Court find the following:

a) Discovery has been provided to defendant, consisting of over 1,000 Bates-stamped items, including reports of investigation, an audio- and video-recorded interview of the defendant, photographs, and a summary of defendant's criminal history.

b) Defense counsel represents that, despite the exercise of diligence, she requires additional time to prepare for trial, to respond to the government's pretrial motions, to prepare potential pretrial motions for the defense, to conduct relevant investigations, to hire appropriate experts, and to issue various subpoenas in advance of trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e) Although speedy trial time has previously been excluded through August 26, 2024, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the filing of this stipulation to October 15, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it

results from a continuance granted by the Court request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act provide that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 9, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  August 9, 2024

/s/ DANICA MAZENKO
DANICA MAZENKO
Counsel for Defendant
DYLAN CORRAL

**[~~PROPOSED~~] ORDER**

IT IS ORDERED that the status conference scheduled for August 26, 2024, is continued to October 15, 2024.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth above outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of today's date through October 15, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(i) & (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED this 9th day of August 2024.

_____
THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE