THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DYLAN CORRAL,<br><br>　　　　　　　Defendant. | CASE NO. CR22-0048-JCC<br><br>ORDER |

　　　This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 189). Having thoroughly considered the R&R, Defendant's objections (Dkt. No. 199-1), and the record, the Court FINDS by a preponderance of the evidence that Defendant is presently incompetent to stand trial and SHALL be committed to the custody of the Attorney General in accordance with 18 U.S.C. 4241(d).

　　　Judge Fricke described the background of this case in detail in prior R&Rs, which the Court adopted. (*See* Dkt. Nos. 75 at 1–2, 76 at 1–2, 86 at 1, 87 at 1–2.) In addition, in the present R&R, Judge Fricke provides a largely uncontroverted procedural history of this case since then, (*see* Dkt. No. 189 at 2–5), which the Court also adopts. As to the present R&R (Dkt. No. 189), after taking evidence, (*see* Dkt. No. 183) (hearing minutes), Judge Fricke recommends that the Court find Defendant "presently suffering from a mental disease or defect that would render him

mentally incompetent." (*Id.* at 14.)

In making this recommendation, Judge Fricke largely relies on the testimony of forensic psychologist, Doctor Charles Saldanha. (*See id.* 7–13) (citing Dkt. Nos. 161-1 at 1–21, 188 at 9–52.) According to Dr. Saldanha, Defendant is "suffering from a mental disorder that [] render[s] him unable to rationally understand the proceedings and assist in his defense." (Dkt. No. 188 at 16.) This is due to paranoid delusions, delusional beliefs, and an unrealistic appraisal of the likelihood of case outcomes. (*See id.* at 36–38.) This results from, *inter alia*, substance use disorders, schizoaffective disorder bipolar type, and anti-social personality disorder. (*Id.*) As such, Defendant cannot consult with defense counsel with a reasonable degree of rational understanding. (*Id.*) But with treatment, "it is certainly possible that [Defendant] could be able to participate in his defense." (*Id.* at 50.)

The Court must make a *de novo* determination of those portions of Judge Fricke's R&R to which Defendant objects. 28 U.S.C. § 636(b)(1). Defendant, through counsel, lodged voluminous objections[1] based on far-fetched allegations. (*See* Dkt. No. 199-1 at 42–86.) Defendant also takes issue with Judge Fricke's reliance on Dr. Saldanha's report and testimony. (*See id.* at 41–42.)

According to Defendant, there exists a wide-ranging conspiracy targeting Defendant for unknown reasons. (*See id.* at 52–86.) Actors include the Government, his current and former defense counsel, Judge Fricke, and this Court. In addition, says Defendant, the Government is administering mind-control gas through the prison HVAC system, surveilling Defendant, and employing "mind erasers." (*Id.* at 44–50.) These allegations, simply stated, are not plausible. And even if they were, Defendant lacks evidentiary support. If anything, rather than suggest a deficiency in Judge Fricke's analysis, Defendant's allegations only serve to buttress Judge Fricke's conclusion—that Defendant is not presently competent to assist in his defense. (*See* Dkt.

---

[1] Defendant's objections are contained in a 104-page single-spaced handwritten brief to the Court. (*See* Dkt. No. 199-1 at 3–106.)

ORDER
CR22-0048-JCC
PAGE - 2

No. 189 at 14.)

Separately, Defendant takes issue with Judge Fricke's reliance on Dr. Saldanha's expert opinion. (*Id.* at 41.) But Dr. Saldanha's qualifications are not subject to reasonable question. He is a board-certified medical doctor in general and forensic psychiatry; he has performed over 20 psychiatric competency examinations; and on at least ten prior occasions, he was qualified as a court-appointed expert. (*See* Dkt. No. 188 at 10–13.) And here, Dr. Saldanha thoroughly examined Defendant. This includes a comprehensive review of Defendant's medical and psychiatric records and an in-person psychiatric interview. (*See id.* at 19–32.) Dr. Saldanha followed-up to the Court with a well-supported report, explaining Defendant's psychological background, his present diagnoses, and why those conditions impair Defendant's ability to effectively participate in his own defense. (*See* Dkt. No. 161-1 at 1–21.) Defendant provides the Court with no rational basis to question this evidence.

Accordingly, the Court OVERRULES Defendant's objections, ADOPTS the R&R, FINDS by a preponderance of the evidence that Defendant is not competent to assist in his defense, and ORDERS as follows:

(1) Defendant is to be committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), and that the Attorney General shall hospitalize Defendant for treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit this criminal proceeding to go forward and, if appropriate, to undergo competency restoration treatment, which may include, as necessary, individual therapy;

(2) This hospitalization shall be for a reasonable period of time, not to exceed four months, commencing from the date of designation of a suitable facility by the Bureau of Prisons ("BOP"), and that this period of time may be extended for an additional reasonable period of time only upon further order of the Court;

(3) No later than upon the completion of the aforementioned four-month period, the

mental health professionals acting on behalf of the Attorney General shall prepare a report of their examination of Defendant and of his competency status, and that this report be filed with the Court, with copies provided to counsel for Defendant and the Government;

(4)     The United States Marshals Service shall arrange for the transportation of Defendant at the Government's expense to and from the facility designated by the BOP and that such transportation be carried out in a way that avoids unreasonable delays;

(5)     Defendant shall cooperate with the persons performing this examination and competency restoration treatment; and

(6)     Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4), the period of delay resulting from the commitment period and other proceedings related to Defendant's mental competency, including any time leading up to and including the Court's hearing concerning Defendant's competency following examination, shall be excluded in the computation of time under the Speedy Trial Act, 18 U.S.C. § 3161 *et al.*, with the exception of any excessive transportation delays between the order of commitment and transfer to a suitable medical facility as determined by this Court.

In addition, given the findings above, the Court DENIES as moot Defendant's prior motions to appoint new counsel (Dkt. No. 112), to dismiss (Dkt. No. 181-1 at 1 *et seq.*), for a writ of mandamus (Dkt. No. 181-2 at 84 *et seq.*), and for this Court's recusal (*id.* at 136 *et seq.*). In the Court's view, Defendant presently lacks the capacity to proffer such motions.

DATED this 18th day of August 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE