THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DYLAN CORRAL,<br><br>  Defendant. | CASE NO. CR22-0048-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's objections (Dkt. No. 244) to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 238). Judge Fricke recommends that the Court again order Defendant committed to the custody of the Attorney General for restoration of his mental competency in accordance with 18 U.S.C. § 4241(d).

The Court has described the procedural history of this matter in a prior order committing Defendant to the custody of the Attorney General for restoration. (*See* Dkt. No. 203.) It will not repeat that information here. Since then, Defendant underwent restoration at FDC-Devens. (Dkt. No. 211.) This culminated in the facility's warden issuing a certificate of competency on April 4, 2025. (Dkt. No. 212 at 2.) Defendant was then transferred out of the medical facility.

On June 10, 2025, Judge Fricke presided over a hearing in Sacramento to determine whether Defendant was now competent to stand trial, *i.e.*, understood the nature and

consequences of the proceedings against him and could assist properly in his defense. (*See* Dkt. Nos. 233, 234) (transcript of the proceedings). At the that hearing, Judge Fricke took testimony from Chad Brinkley, Ph.D., and Diana Hamilton, Ph.D. (*See generally* Dkt. No 234.) This Court reviewed the hearing transcripts (Dkt. Nos. 233, 234) along with associated exhibits (Dkt. Nos. 225, 229, 235).

Based on this evidence, the Court finds, for the reasons described below, that Defendant is again suffering from a mental disease or defect that would render him mentally incompetent. While Defendant factually can comprehend the nature and consequences of the proceedings against him, he does not have a rational understanding and is unable to rationally consult with counsel or assist in his defense. *See* 18 U.S.C. § 4241. This finding is largely based on the testimony of Dr. Brinkley and Dr. Hamilton, both of whom also attended to Defendant's treatment at FDC-Devens. (*See generally* Dkt. No 234.) They indicated that, so long as Defendant continuously took his anti-psychotic medication following transfer, he would likely be competent to stand trial. (*Id.*)[1]

Unfortunately, since Defendant was transferred out of FDC-Devens' care, the Court can no longer be assured Defendant has voluntarily taken his medication.[2] This is consistent with Defendant's behavior throughout the June 10 hearing, which could best be described as delusional. (*See, e.g.*, Dkt. No. 234 at 70, 76, 78.) Based in part on this, Dr. Brinkley indicated at the hearing that he could not presently opine on Defendant's competence. (*Id.* at 42.) However, Dr. Brinkley noted it can take up to 180 days of treatment for anti-psychotic medication to be

---

[1] Prior to the hearing, Dr. Brinkley prepared a forensic psychological report, dated March 5, 2025 (Dkt. No. 212). According to the report, Defendant "appears to be competent to proceed" and "is likely to remain competent as long as he continues taking medication as prescribed" and, "[i]n fact, his symptoms are likely to continue improving if he keeps taking medication as prescribed." (*Id.* at 55.) Although, Dr. Brinkley later described Defendant's competency (at the time of Dr. Brinkley's report) as "fragile." (Dkt. No. 234 at 33.)

[2] In fact, there is no evidence that Defendant has continued to take his medication, while there is significant evidence that he has not. (*See, e.g.*, *id.* at 75.)

ORDER
CR22-0048-JCC
PAGE - 2

fully effective and that, due to logistical challenges, Defendant only received such medication (much of it involuntarily) for approximately 50 days—from January 14 to March 5, 2025. (*Id.* at 22, 43.) Despite this, Defendant had "rounded the corner" to competency before being transferred out of FMC-Devens. (*Id.* at 42–43.) Had that not occurred, Dr. Brinkley believes Defendant would have continued to improve, with optimal results occurring somewhere between 120–180 days of consistent medication. (*Id.* at 43.)

Given this, the Court finds there is a "substantial probability" that, within another 180 days of treatment, Defendant "will attain the capacity to permit the proceedings to go forward." *United States v. Loughner*, 672 F.3d 731, 766-72 (9th Cir. 2012). Accordingly, the Court OVERRULES Defendant's objections, ADOPTS the R&R, FINDS by a preponderance of the evidence that Defendant is not competent to assist in his defense, and ORDERS as follows:

(1) Defendant is to be committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), and that the Attorney General shall hospitalize Defendant for treatment in a suitable facility to undergo competency restoration treatment, which may include, as necessary, individual therapy;

(2) This hospitalization shall be for a reasonable period of time, not to exceed 180 days, commencing from the date of designation of a suitable facility by the Bureau of Prisons ("BOP"), and that this period of time may be extended for an additional reasonable period of time only upon further order of the Court;[3]

(3) No later than upon the completion of the aforementioned period, the mental health professionals acting on behalf of the Attorney General shall prepare a report of their examination of Defendant and of his competency status, and that this report be filed with the Court, with copies provided to counsel for Defendant and the Government;

---

[3] If at any point during this period, mental health professionals acting on behalf of the Attorney General conclude there is *not* a substantial probability that, by the end of this period, Defendant will attain the capacity to permit this criminal proceeding to go forward, they shall so advise the Court.

ORDER
CR22-0048-JCC
PAGE - 3

(4) The United States Marshals Service shall arrange for the transportation of Defendant at the Government's expense to and from the facility designated by the BOP and that such transportation be carried out in a way that avoids unreasonable delays;

(5) Defendant shall cooperate with the persons performing this examination and competency restoration treatment; and

(6) Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4), the period of delay resulting from the commitment period and other proceedings related to Defendant's mental competency, including any time leading up to and including the Court's hearing concerning Defendant's competency following examination, shall be excluded in the computation of time under the Speedy Trial Act, 18 U.S.C. § 3161 *et al.*, with the exception of any excessive transportation delays between the order of commitment and transfer to a suitable medical facility as determined by this Court.

DATED this 30th day of July 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR22-0048-JCC
PAGE - 4