THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

DYLAN CORRAL,

                Defendant.

CASE NO. CR22-0048-JCC

ORDER

In accordance with 18 U.S.C. § 4241(d), the Court previously committed Defendant, a pre-trial detainee, to the Attorney General's custody and later extended the commitment period to allow for continued restoration efforts. (*See* Dkt. Nos. 203, 246, 251.) According to the Warden at Federal Medical Center ("FMC") Devens, that effort is complete. (*See* Dkt. No. 254.) Thus, a restoration hearing in accordance with 18 U.S.C. § 4241(e) must now occur.

The Court previously referred to the Honorable Theresa L. Fricke, U.S. Magistrate Judge, the matter of Defendant's competency. (*See* Dkt. No. 113.) In so doing, Judge Fricke recently set a competency restoration hearing for May 12, 2026, in the Eastern District of California. (*See* Dkt. No. 252.) Concurrently, the Government moved to extend the *Harper*[1] orders which medical professionals at FMC Devens entered pursuant to their authority pursuant to 28 C.F.R.

_____

[1] *Washington v. Harper*, 494 U.S. 210 (1990).

ORDER
CR22-0048-JCC
PAGE - 1

§ 549.46 (or alternatively for a *Sell*[2] hearing). (*See* Dkt. No. 256.) The Government did so in hopes that Defendant's medication continue throughout the competency determination period. (*See id.*) Judge Fricke set a hearing on the Government's motion (Dkt. No. 256) for April 28, 2026, in the Eastern District of California. (Dkt. No. 258.) The Government further provided notice of intent that, depending on the outcome of the competency proceeding(s), it would move for further proceedings in accordance with 18 U.S.C. § 4246. (Dkt. No. 257). Accordingly, the Court REFERS the Government's motion for continued involuntary medication (Dkt. No. 256) along with proceedings related to its § 4246 notice (Dkt. No. 257) to Judge Fricke.

Before releasing Defendant from FMC-Devens, the Bureau of Prisons ("BOP") is ORDERED to hold another administrative hearing pursuant to 28 C.F.R. § 549.46 to assess whether the involuntary administration of medication is warranted once Defendant leaves FMC-Devens (namely during Defendant's transport to the Eastern District of California and his time in BOP custody in the Eastern District of California), pending a judicial determination as to the Government's motion (Dkt. No. 256). If, after the § 549.46 hearing, FMC-Devens' personnel find continued involuntary medication warranted, they shall coordinate the application of such medication with the United States Marshals Service ("USMS") and BOP personnel located outside of FMC-Devens. To be clear, Defendant is not to be transported from FMC-Devens until medical personnel determine whether his involuntary medication shall continue in accordance with 28 U.S.C. § 549.46 and coordinate with the USMS and other BOP personnel to ensure that the results of that proceeding can be implemented going forward.

Once FMC-Devens completes the new § 549.46 assessment, the Court then ORDERS the USMS and BOP (and any other applicable correctional officer) to transport Defendant from FMC Devens to the Eastern District of California as soon as practicable. The use of reasonable force and/or necessary medical intervention to do so is authorized.

//

---

[2] *Sell v. United States*, 539 U.S. 166 (2003).

ORDER
CR22-0048-JCC
PAGE - 2

DATED this 8th day of April 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE