UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

DYLAN CORRAL,

              Defendant.

CASE NO. 2:22-cr-0048 JCC TLF

FINDINGS AND RECOMMENDATION ON DEFENDANT'S REQUEST FOR SUBSTITUTE COUNSEL; WITH PROPOSED FINDINGS OF FACT PURSUANT TO FED. R. CRIM. P. 59

The District Court has referred, under Fed. R. Crim. P. 59, the government's motion to determine defendant's mental competency and related motions pursuant to 18 U.S.C. §§ 4241, 4247. In a separate Findings and Recommendation, the Court has addressed the issues of competency to stand trial and the government's motion for involuntary medication.

On June 30, 2026, the Court held a hearing concerning Defendant Dylan Corral's motion for an ex parte status conference and request for substitution of counsel. During the hearing, which was conducted in a closed courtroom, with a sealed transcript, and

ex parte, the Court conducted the inquiry required under *United States v. Ceja,* 23 F.4th 1218, 1225 (9th Cir. 2022) and *United States. v. Adelzo-Gonzalez,* 268 F.3d 772, 777 (9th Cir. 2001). Under *United States v. Gonzalez,* 113 F.3d 1026, 1028-1029 (9th Cir. 1997), the Court closed the hearing and has redacted a portion of this Report and Recommendation, after reviewing the facts as required by *United States v. Doe,* 870 F.3d 991, 997 (9th Cir. 2017).

## DISCUSSION

### A. Legal Standards

Pursuant to Fed. R. Crim. P. 59, and United States District Court for the Eastern District of California Local Criminal Rule 430.1, this Court may, on referral from the District Court, conduct a hearing on pretrial motions in a felony case, provide a recommendation and include any proposed findings of fact. The District Court reviews the Magistrate Judge's report and findings under a de novo standard of review if there are Constitutional issues to be resolved. *United States v. Raddatz,* 447 U.S. 667, 683 (1980); *United States v. Rivera-Guerrero,* 377 F.3d 1064, 1070-71 (9th Cir. 2004).

When a defendant requests substitution of appointed counsel and there are also issues raised about whether the defendant is competent to stand trial, the court may consider whether the alleged mental disease or defect is connected to the difficulties with their attorney. *See United States v. Telles,* 18 F. 4th 290, 296-300 (9th Cir. 2021).

If a defendant files a lawsuit or submits a grievance about their attorney's representation, this may be good cause for substitution of counsel – but the mere filing of a lawsuit or grievance is not dispositive. *United States v. Williamson,* 859 F.3d 843,

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 2

855-61 (10th Cir. 2017).  To justify a substitution of counsel, the "defendant must show that his attorney possessed an actual conflict of interest with his client and that his performance was adversely affected due to that conflict." *Id.* at 857 (citing *United States v. Holman,* 314 F.3d 837, 845-846 (7th Cir. 2002)).

"A trial judge is required to order a substitution of counsel if, after a hearing, it is demonstrated that there is a breakdown in the attorney-client relationship or that 'an actual conflict of interest existed.'" *Jackson v. Ylst,* 921 F.2d 882, 887-88 (9th Cir. 1990) (citing *Wood v. Georgia,* 450 U.S. 261, 273-74 (1981)). Lack of trust between client and the criminal defense lawyer is not a basis for overturning the appointment of counsel. *Plumlee v. Masto,* 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc). Even if the defendant explicitly disapproves of the trial lawyer's tactics, or fails to understand the defense attorney's tactics, this does not constitute a basis for finding an unconstitutionally irreconcilable conflict. *Michaels v. Davis,* 51 F.4th 904, 939 (9th Cir. 2022); *Schell v. Witek,* 218 F.3d 1017, 1026 n.8 (9th Cir. 2000).

The Ninth Circuit considers the following factors when reviewing a trial court's denial of a motion to substitute counsel: timeliness of the motion; adequacy of the court's inquiry; and whether there was a total lack of communication between attorney and client that prevented an adequate defense. *United States. v. Rogers,* 769 F.2d 1418, 1423-24 (9th Cir. 1985). In conducting a hearing on a motion for substitute counsel, the court must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." *United States. v. Adelzo-Gonzalez,* 268 F.3d 772, 777 (9th Cir. 2001) (quoting *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991)).

Depending on the context of the request for substitution of counsel, the court may need to ask both open-ended questions and precise, targeted questions into the issues to ascertain:

(1) the depth of any conflict between defendant and counsel,

(2) the extent of any breakdown in communication,

(3) how much time may be necessary for a new attorney to prepare, and

(4) any delay or inconvenience that may result from substitution.

*Adelzo-Gonzalez,* 268 F.3d at 777 (citing *United States v. D'Amore,* 56 F.3d 1202, 1205 (9th Cir. 1995)).

The Sixth Amendment does not guarantee a "meaningful relationship" between the accused and their defense counsel. *Morris v. Slappy,* 461 U.S. 1, 13-14 (1983). Defense counsel "must function in the active role of an advocate" and the defendant has a right to competent counsel. *Entsminger v. Iowa,* 386 U.S. 748, 751 (1967); *see also United States v. Cronic,* 466 U.S. 648, 656 (1984) A defendant's right to secure counsel of choice is a qualified right and applies only to persons who can afford to hire their own attorney. *Schell v. Witek,* 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). Although an indigent defendant is not necessarily entitled to the appointed counsel of their own choosing, the court must inquire into the nature and extent of any conflict between the defense attorney and the defendant if the circumstances warrant inquiry. *Hendricks v. Zenon,* 993 F.2d 664, 670-71 (9th Cir. 1993). If defendant "has become embroiled in [an] irreconcilable conflict" with his attorney, the Sixth Amendment requires that the court appoint new counsel. *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir. 1970).

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 4

## B. Proposed findings of fact

Defendant Dylan Corral stands charged under 18 U.S.C. § 876(c) with two counts of mailing interstate threats. Dkt. 1.

The remaining facts discussed in this Report and Recommendation are redacted, because the Court, on the previous motion to discharge counsel, closed the hearing and sealed the record to protect the defendant's Fifth and Sixth Amendment rights to due process and to effective assistance of counsel. Dkt. 76.The same facts and considerations apply to the current situation. To take the most narrowly tailored approach under *United States v. Doe,* 870 F.3d 991, 997 (9th Cir. 2017), the Court is publishing as much of this Report and Recommendation as possible, while preserving the defendant's Constitutional rights by protecting attorney-client privilege and work product protected information.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

[Redacted section]

During the hearing on June 30, 2026, the Court inquired of the defendant and of defense counsel about the nature of their working relationship. Mr. Corral stated that he did not trust his attorney, Ms. Mazenko. Dkt. 298 at 35-44. Mr. Corral indicated his belief that Ms. Mazenko should be removed from his case.

During the competency hearing, Mr. Corral stated he thinks his attorney should get the death penalty. Dkt. 297 at 99. He stated in phone conversations with his family members that he is convinced Ms. Mazenko is conspiring and connected with other individuals, including the Judges of the U.S. District Court, employees of the Sacramento County Jail, the State of California, and the Federal Bureau of Prisons, who

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 5

have allegedly: tortured him; listened to his thoughts by using an ear apparatus; poisoned him through gas that is administered into his cell by the ventilation systems; and taken measures that have resulted in a diminishment of his intellectual capacity and skills. Dkt. 297 [transcript] at 9-13; Dkt. 276-283, 285.

In addition, Mr. Corral stated that he disagrees with the tactics and decisions of his lawyer, Ms. Mazenko. *Id.* at 44-45.

Mr. Corral requested that Ms. Mazenko file numerous motions, and he believes that she did not file the motions. Dkt. 298 at 10-32.

Mr. Corral stated that Ms. Mazenko has spoken to him in a disrespectful and loud manner and asserts she often uses profanities during their conversations. *Id.* at 34. Ms. Mazenko did not deny this, but she said she was trying to get her points across, leave no stone unturned, and get through to him. Dkt. 298 at 51-52. He considers his ability to communicate with Ms. Mazenko to be compromised by his perception that she lies. Dkt. 298 at 35-44. Mr. Corral confirmed that he had filed a California Bar Association complaint against Ms. Mazenko – which he sent to her. *Id.* at 46-48.

Ms. Mazenko discussed the reasons she considered filing the motions that defendant wanted her to pursue and some motions the defendant wanted to file were meritless. *Id.* at 49. Some of the motions had content that included delusions, and she assessed those were "manifestations of an unwell mind" and had no basis in law or fact. *Id.* She advised Mr. Corral that she was not an appellate attorney and she would need to get another attorney appointed for an appeal portion of the case. *Id.* at 53.

She stated that Mr. Corral is a client who is not easy to talk with, and she thought it was true that he could not trust any attorney appointed to represent him. *Id.* at 53.

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 6

They communicate with each other regularly. *Id.* at 54. She was aware of the California state bar complaint, as requested by Mr. Corral she sent it on his behalf to the office of the state bar. *Id.* at 57-59. But she had not received any communication from the California State Bar Association, and she confirmed that she had discarded her copy of the bar complaint. *Id.*

Ms. Mazenko and Mr. Corral consulted together during the competency hearing, and during the *Sell* hearing, after the Court denied the defendant's request to discharge Ms. Mazenko and appoint another attorney to substitute for her. The Court appointed a criminal defense attorney from the CJA panel to be on standby in case the District Judge decides not to adopt the Findings and Recommendation.

[end of redactions]

## C. Legal analysis and recommended disposition

The Court should deny without prejudice Mr. Corral's request for substitution of counsel. Although Mr. Corral contends that he does not trust his attorney, and that his lawyer should prepare for trial differently, the disagreements are about tactics and trial preparation strategy. There is some frustration, but not hostility, between attorney and client, and there is not a complete breakdown in communication.

If the Court finds that Mr. Corral is incompetent to stand trial, then the substitute counsel motion would become moot. A person who is not presently competent to stand trial may not have the capacity to consult with their attorney or assist in their defense -- and concerns about counsel might be causally related to the mental illness or defect --

therefore the motion to substitute counsel would potentially be intertwined with the competency issues.

If the Court decides that Mr. Corral is competent to stand trial, then the Court should deny defendant's request to discharge his attorney and hold that Ms. Mazenko should continue to represent Mr. Corral. Mr. Corral can effectively consult with Ms. Mazenko, even when they disagree about trial preparation tactics and strategy. Ms. Mazenko knows about the bar complaint that Mr. Corral has filed against her, but neither Mr. Corral nor Ms. Mazenko have had a complete breakdown in communication.

This is a case where a "meaningful relationship" between the defendant and the defense attorney may be strained due to Mr. Corral's lack of trust in his attorney and disagreement about tactics and investigatory work, but there is no evidence of an irreconcilable breakdown in communication, nor is there any evidence of actual conflict of interest or prejudice from a conflict of interest.

**CONCLUSION**

The hearing on defendant's motion for substitute counsel having been held on June 30, 2026 to provide the defendant with an opportunity to explain his concerns to the Court, and for the appointed CJA attorney, Ms. Mazenko, to also provide information about their working relationship, the Court should deny Mr. Corral's request for substitution of counsel, without prejudice.

In the alternative, if the Court finds Mr. Corral is incompetent to stand trial, his motion to discharge his attorney should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1), (b)(3) and Fed. R. Crim. P. 59, the parties shall have fourteen (14) days from service of this Report to file written objections. *See*

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 8

*also* United States District Court for the Eastern District of California Local Rule of Criminal Procedure 430.1(j).

The Magistrate Judge's Report and Recommendation will be reviewed *de novo*. *United States v. Rivera-Guerrero,* 377 F.3d 1064 (9th Cir. 2004). Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Objections are due within 14 days after service of these Findings and Recommendation

Dated this 10th day of July, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

FINDINGS AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SUBSTITUTE
COUNSEL; WITH PROPOSED FINDINGS OF FACT
PURSUANT TO FED. R. CRIM. P. 59 - 9