THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DYLAN CORRAL,<br>Defendant. | CASE NO. CR22-0048-JCC<br>ORDER |

This matter comes before the Court on the Report and Recommendations ("R&Rs") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. Nos. 304, 310[1]). This Court performs a *de novo* review of those portions of an R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); *see also United States v. Rivera-Guerrero*, 377 F.3d 1064, 1070 (9th Cir. 2004) (articulating the standard of review for purposes of competency issues). Judge Fricke described the background of this case in prior R&Rs, which the Court adopted. (*See* Dkt. Nos. 75 at 1–2, 76 at 1–2, 86 at 1, 87 at 1–2, 189 at 2–5, 203 at 1.) In the present R&Rs, Judge Fricke provides the procedural history since then, (*see* Dkt. Nos. 304 at 3–5, 310 at 1–2), which the Court now also adopts.

Having thoroughly considered the R&Rs (Dkt. Nos. 304, 310), subsequent objections

[1] An unredacted (sealed) version of this R&R is available at ECF No. 303.

(Dkt. Nos. 305, 308), and the entirety of the record, the Court ADOPTS the portions of the R&Rs finding (a) Defendant not competent to stand trial and (b) that the Government has not demonstrated the administration of involuntary medication (to restore competency) comports with Due Process; it further ADOPTS the portion denying Defendant's request to discharge counsel (as moot). The Court DECLINES to adopt the remainder of the R&Rs, though, which found a substantial probability that, within a certain period of time, Defendant would be restored to and could maintain competency for trial (without the use of involuntary medication). Thus, as further described below, the Court ORDERS Defendant returned to the District of Massachusetts to undergo a civil commitment proceeding pursuant 18 U.S.C. § 4246 (as provided in case *United States v. Corral*, 26-cv-11980-RGS (D. Mass.)). Until that matter is complete, this one shall be held in abeyance.

For Defendant to be competent he must (amongst other things) be able to meaningfully and effectively participate in the preparation of a defense. *See Drope v. Missouri,* 420 U.S. 162, 171 (1975). The Court must make this finding by a preponderance of evidence. 18 U.S.C. § 4241(d). To date, Defendant's inability to do so has been the main impediment to moving this case forward. (*See* Dkt. Nos. 75, 86, 189.) Recently, though, the FMC-Devens Warden provided a certificate of competency based on Dr. Diana Hamilton's latest forensic psychological report. (*See* Dkt. No. 254.) However, this is not the first time Bureau of Prisons ("BOP") personnel have attested to Defendant's competence. (*See* Dkt. Nos. 27, 212.) The issue, as Dr. Hamilton testified to, is that Defendant cannot retain his competency once he stops taking his medication. (*See, e.g.*, Dkt. No. 297 at 66, 116.) And he consistently demonstrates a resistance to voluntary medication. (*See, e.g.*, *id.* at 22, 107–08.)

The remaining record supports this finding. While it contains no direct evidence as to whether Defendant is voluntarily taking his medication since his most recent transfer (from FMC-Devens to BOP's non-medical facility), his behavior suggests that he is not. Within weeks of his transfer, the manifestation of his delusional fears based on conspiracy theories reemerged.

This resulted in threats of harm to himself and others, as noted on recorded calls. (*See* Dkt. Nos. 276–283, 285) (digital audio recordings of calls). Defendant's testimony at the most recent hearing further supports this conclusion. (*See generally* Dkt. No. 297 at 76–99.) While he believes he can compartmentalize irrational thoughts (as to not impinge on his defense), (*see, e.g.*, *id.* at 99), his testimony demonstrates that they are pervasive and not amenable to this approach. (*See generally id.* at 76–99.)

At bottom, Defendant' mental health conditions, (*see* Dkt. No. 254 at 26–32), leave him with the firm conviction that there is a vast conspiracy on the part of the Government, the judiciary, and his appointed counsel to do him harm. (*Id.* at 98.) It would seem he cannot be treated for such conditions while also attempting to defend himself on the instant charges. This serves as an impenetrable barrier to an effective defense. Thus, pursuant to 28 U.S.C. § 4241, the Court FINDS Defendant not competent to stand trial.

If Due Process allows, of course, a defendant can be involuntarily medicated throughout a criminal proceeding, so long as this finding is supported by clear and convincing evidence. *See Bean v. Matteucci*, 986 F.3d 1128, 1131 (9th Cir. 2021) (citing *Sell v. United States*, 539 U.S. 166 (2003)). In this instance, though, Judge Fricke recommends the Court find the Government has not met its burden to justify doing so. (*See* Dkt. No. 304 at 19–27.) As neither party quibbles with this recommendation, (*see generally* Dkt. Nos. 305, 308), the Court will not reexamine it.

Instead, Judge Fricke recommends that the Court, nevertheless, find a substantial probability (within a certain period of time) that Defendant, if again returned to FMC-Devens (or comparable BOP medical facility), can be restored to competency. (Dkt. No. 304 at 27.) Unfortunately, the Court cannot make this finding. Implicit in Judge Fricke's recommendation is that, upon Defendant's return for further treatment, BOP could again involuntarily medicate Defendant, as it had before in accordance with *Washington v. Harper*, 494 U.S. 210, 223 (1990). (*See* Dkt. No. 304 at 10) (describing Defendant's prior *Harper* proceeding at FMC-Devens). While the evidence in the record suggests that, in time, this may restore Defendant's

competency, the issue is not the feasibility of restoration *while at* a BOP medical facility, it is *maintaining* competency upon leaving (where involuntary medication does not appear to be a feasible option). Thus, the Court cannot find a substantial probability that restoration would be any more successful here than before.[2] Accordingly, the Court DECLINES to order another restoration effort pursuant to § 4241.

Instead, the regime provides that if (following restoration efforts) a defendant's "mental condition has not so improved as to permit the [criminal] proceedings to go forward, the defendant is subject to [civil commitment provisions]" to include "section[] 4246." 18 U.S.C. § 4241(d)(2); *see also United States v. Coad*, 175 F.4th 1233, 1239 (10th Cir. 2026) (explaining that once § 4241 no longer applies, § 4246 necessarily follows). For this reason, the Government suggests that the Court order Defendant be returned to FMC-Devens, which is located within the District where a 28 U.S.C. § 4246 proceeding has already begun (that was held in abeyance pending the current competency determination). (*See* Dkt. No. 305 at 8–10.) Indeed, other courts, when faced with a similar conundrum, have endorsed this approach. *See, e.g.*, *United States v. Ecker*, 78 F.3d 726, 730 (1st Cir. 1996); *United States v. De Matteis*, 2020 WL 4210501, slip op. at 4 (N.D. Ala. 2020), r*eport and recommendation adopted*, 2020 WL 4201857 (N.D. Ala. 2020); *United States v. Acosta-Soberanis*, 2012 WL 1801978, slip op. at 18 (N.D. Ga. 2012), *report and recommendation adopted sub nom*., 2012 WL 1801680 (N.D. Ga. 2012). This Court finds it equally warranted in this instance.

And finally, because the Court finds Defendant not competent and without a substantial probability of restoration, it declines as moot his request for the substitution of criminal counsel. Instead, at least for now, the civil commitment provision of 28 U.S.C. § 4246 will apply to proceedings within the District of Massachusetts and that court will address Defendant's need for

[2] The record here, including the transcript of each of Judge Fricke's competency hearings and the exhibits from each, are sufficient for this Court to make this *de novo* determination. In so doing, the Court does not challenge the credibility of any of the witnesses at those hearings.

appointed counsel. If Defendant is eventually restored to competency and if the Government declines to dismiss the charges here at that time, this Court will then consider the substitution of counsel. But not until that point.

Accordingly, the Court ADOPTS the R&R in part, SUSTAINS the Government's objection, and SUSTAINS in part and OVERRULES in part Defendant's objections. Specifically, the Court (a) FINDS by a preponderance of evidence that Defendant is not presently competent to stand trial; (b) DECLINES to find by clear and convincing evidence that the application of involuntary medication to allow for Defendant's competence throughout trial would not violate Due Process; (c) DECLINES to find a substantial probability that further restoration efforts would result in Defendant's capacity to allow the proceedings to go forward (at least within a certain period of time); and (d) ORDERS that Defendant be returned to the District of Massachusetts to allows for a § 4246 proceeding to continue, namely the proceeding *United States v. Corral*, 26-cv-11980-RGS (D. Mass.). For these reasons, the Court also DECLINES Defendant's present request for the substitution of appointed counsel.

DATED this 17th day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE